THE CHICAGO UNION TRACTION COMPANY
*v.*
FLORENCE FORTIER.

*Opinion filed October 26, 1903—Rehearing denied December 10, 1903.*

EVIDENCE—*when expert may give opinion as to whether plaintiff was feigning injury.* Permitting an expert in surgery to give an opinion, on re-direct examination, as to whether plaintiff was feigning injury, is not error, where the cross-examination tended along that line, and where it appears that the witness could tell with reasonable certainty, from his professional examination, whether the plaintiff could feign the physical conditions shown to exist.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

205—20

GEMMILL & FOELL, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action on the case, commenced in the superior court of Cook county, to recover damages for injuries sustained by appellee while a passenger on a street car of appellant. A judgment for $10,000 was rendered in the trial court, which, on appeal to the Appellate Court, was affirmed, and this further appeal is prosecuted.

The only errors assigned and discussed are the refusing of the first and second instructions offered by appellant, the modification by the court of appellant's third instruction, and also the admission of certain evidence offered by appellee, which is hereinafter referred to.

The first instruction is fully covered by the third instruction as modified by the court. The second instruction was covered, in all its essential features, by the sixteenth, seventeenth, eighteenth and twenty-third instructions given by the court at the request of appellant. The third instruction was modified by the court by expunging the parts printed in italics and by adding the parts between brackets. It was as follows:

3. "The jury are instructed that with respect to the ailments and disabilities claimed for the plaintiff in this case the burden of proof is upon the plaintiff in that respect, as it is with respect to the question of liability, to show, by a preponderance of the evidence, not only that such ailments really exist or have existed, but also that such ailments and disabilities are the result of the action in question; and the burden of proof is not upon the defendant to show that such alleged ailments do not proceed or arise from any other cause. The jury are further instructed that they have no right to guess or conjecture that any ailment complained of by the plaintiff is the result of this accident. [Whether it is or not must be determined by the jury from the evidence.] The jury are not to understand from this [or any other] instruc-

tion that the court intends to intimate *that the plaintiff has such disabilities as is claimed or that the defendant is or is not in any manner liable, or to intimate* any opinion upon that or any other question of fact in this case. [All such questions and matters are solely and exclusively for the jury, and they must determine them from the evidence, and from that alone.]"

We are unable to see any error in thus modifying this instruction.

It is also assigned as error that the trial court improperly permitted two expert witnesses produced by appellee to give, on re-direct examination, their opinions as to whether the plaintiff was feigning. Two objections are made to this evidence: First, because it was directed to a mental process about which the witnesses could not know; and second, because it was usurping the province of the jury by asking the witnesses to give their opinions upon the very question which the jury were empaneled to decide.

It appears from the evidence that on flexing appellee's right leg there was a sudden jump at the hip joint, which assumed somewhat the characteristics of a dislocation at the hip joint but which apparent dislocation proved to be fallacious; that a close examination disclosed, not a true dislocation of the joint, but rather a dislocation of the large muscle which covers the outside of the thigh bone. This apparent dislocation of the joint took place when appellee moved her leg in the motion she would naturally go through in making an attempt to walk, and was of such a serious nature that it prevented her from walking except with the aid of crutches. This sudden jump was by these experts attributed to an over-stretching of the covering of this large muscle or to the actual tearing of that covering, together with a probable over-stretching of the ligaments of the hip joint, and perhaps a tear in one of those ligaments. One of the experts called by the appellee, on cross-examina-

tion stated that he had never seen a case like this one and had never read of one, and distinguished the case of appellee, who was suffering from a dislocation of the muscle, from the so-called voluntary dislocations of the hip joint, which latter dislocation appears to be mentioned in a number of text books on surgery.

Upon cross-examination of these witnesses by counsel for appellant it plainly appeared that appellant rested its defense upon the theory that the plaintiff was feigning, to a large extent, the injury complained of, and on such examination a number of questions were asked them seeking to establish this theory. Upon re-direct examination, counsel for appellee then asked such witnesses as experts, and based upon their knowledge of the case and tests and observations made while examining appellee, whether or not the action of the muscle was voluntary or involuntary on the part of appellee, to which they replied that in their opinion such movement was involuntary, and not feigned. As we understand the record, these opinions were not based on the mental process of the appellee, but were founded upon their opinions as expert surgeons and examinations made on the person of the appellee. From the testimony of these experts it appears that from their examinations they were able to state, with more or less certainty, whether or not it was possible for the appellee to simulate this condition, and it is plainly apparent that on this matter, and from the conditions described, one who was not an expert could not form an intelligent opinion, and there was, therefore, no error in admitting this testimony. *Chicago, Burlington and Quincy Railroad Co.* v. *Martin,* 112 Ill. 16.

As no other errors are raised on this record, the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*