ESTHER F. WILKINSON *et al.*

*v.*

ABRAHAM R. THOMAS *et al.*

*Filed at Ottawa May 16, 1889.*

1. ADVANCEMENT—*can not rest in parol—since the act of 1872.* An advancement of a parent, in his lifetime, to his child, can not, since the act of 1872, relating to the descent of property, be shown by the parol declarations of the parent or the parol admissions of the child, that he or she had received his or her share.

2. Under this statute, an advancement can not be created by parol declarations or statements. On the other hand, in order to create a valid advancement, the gift or grant must be expressed in writing as an advancement, or charged in writing by the intestate, or acknowledged in writing by the child or other descendant.

3. In 1869, a father, for the expressed consideration of love and affection and one dollar, conveyed a lot of ground to his daughter, of the value of $1000. In 1876 he conveyed to each of two of his sons eighty acres of land in Iowa, for the expressed consideration of love and affection and one dollar. In 1886 he executed a will, which was not probated, on account of a subsequent marriage, in and by which he devised to his daughter five dollars, reciting : "She having heretofore received the sum of $1000 in real estate. * * * My several sons all had land and other property to the value of at least $2000 each :" *Held,* that the words used in the will were not sufficient to afford evidence of an advancement to the daughter and sons.

APPEAL from the Circuit Court of Stark county; the Hon. SAMUEL S. PAGE, Judge, presiding.

Mr. ALLEN P. MILLER, and Mr. FRANK THOMAS, for the appellants :

If the deceased had entered the charges on the leaves of a diary, journal, day-book or ledger, they would not be entitled to greater weight, and doubtless would not express his intention and the facts more clearly than as stated in said instrument. The statements are under the signature and seal of the deceased, and while the words "charge" and "advancement" are not found therein, yet the facts are positively set forth, and agree with the great weight of testimony in the case.

No particular formality or form of words is required to indicate an advancement or its acceptance by the child, (*Brown* v. *Brown,* 16 Vt. 197, *Bulkeley* v. *Noble,* 2 Pick. 337, *Holliday* v. *Wingfield,* 59 Ga. 206,) unless so prescribed by statute. *Sayles* v. *Baker,* 5 R. I. 457 ; *Mowry* v. *Smith,* id. 255 ; *Treadwell* v. *Cordis,* 5 Gray, 341 ; *Holliday* v. *Wingfield,* 59 Ga. 206 ; Cal. Civ. Code, sec. 1397.

Our statute does not prescribe any particular form of words in which the charge shall be made, or the system of book-keeping that shall be adopted,—whether it shall be double or single entry.

A conveyance of land by a parent to a child, either directly or by payment of the purchase money, and having the deed

made to the child, is, in the absence of proof to the contrary, presumed to be an advancement. *Murphy* v. *Nathans,* 46 Pa. St. 508; *Weaver's Appeal,* 63 id. 309; *Wormley* v. *Wormley,* 98 Ill. 544; *Miller's Appeal,* 40 Pa. 57.

As to the competency of the declarations of parents made subsequently to gifts, see *Merkel's Appeal,* 89 Pa. St. 340; *McClintock's Appeal,* 58 N. H. 152; *Clark* v. *Kingsley,* 37 Hun, 246; *Camp* v. *Camp,* 18 id. 217.

Mr. James H. Miller, for the appellees:

Under the statute of 1845 alone, an advancement is a question of intent. The intent must be proved to have existed at the time of the transaction, and by contemporary acts and declarations of the parties. *Wallace* v. *Reddick,* 119 Ill. 151; *Comer* v. *Comer,* id. 170; *Merkel's Appeal,* 89 Pa. St. 340.

The burden of establishing an advancement is upon the expectants to show the transaction to be other than it appears. (*Miller's Appeal,* 107 Pa. St. 222.) But this case is governed by the statute of 1872. (Hurd's Stat. 1887, p. 505, secs. 4-7; *Simpson* v. *Simpson,* 114 Ill. 603.) And I take it now, that there is no presumption of law in this case, as laid down in *Taylor* v. *Taylor,* 4 Gilm. 303, and *Grattan* v. *Grattan,* 18 Ill. 167.

An advancement which is not evidenced in the manner required by the statute, is, in legal effect, no advancement at all, however clearly it may appear it was so intended. *Long* v. *Long,* 118 Ill. 638.

Mr. Miles A. Fuller, for Abraham R. Thomas and guardian *ad litem* for Owen W. Thomas, Jr.:

The following cases are referred to, to show that no matter what the intent of the ancestor may be, unless the gift is expressed in writing to be an advancement, it can not be recognized as such: *Long* v. *Long,* 118 Ill. 650; *Comer* v. *Comer,* 119 id. 179; *Wallace* v. *Reddick,* id. 158.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

Owen W. Thomas died on the 11th day of November, 1886, leaving him surviving, a widow, Sarah Thomas, a wife of a second marriage, and the following children: Abraham R. Thomas, Hannah R. Galbraith, Esther F. Wilkinson, Mary J. Wilkinson and Hannah R. Witt; also a grandson, Owen W. Thomas, a son and only heir of Owen W. Thomas, Jr., deceased. On the 18th day of March, 1886, Owen W. Thomas executed a will, but it was not admitted to probate, on the ground of his subsequent marriage, and his estate was settled as an intestate estate. This bill was brought by Esther F. Wilkinson, Mary J. Wilkinson and Anna R. Witt, for a partition of the real estate of which Owen W. Thomas died seized. The widow, Sarah Thomas, and the three other heirs, were made defendants to the bill. In an amended bill it was in substance alleged, that five of the heirs had received various amounts of real and personal property by way of advancement on their respective shares in the estate, and on a partition of the real estate the bill prayed that the amount each one had received should be deducted from that portion of the estate to be allotted to him or her on final division. Answers were put in to the bill, and replications having been filed, the cause was referred to the master, and he was directed to take the evidence and report to the court, with his conclusions of law and fact. As to the rights of the parties in the premises the master reported as follows: First, to the widow, Sarah Thomas, dower interest in the premises of deceased; second, to Hannah R. Galbraith the one-sixth part of said premises, subject to the widow's dower, and less a charge of $500 received by her as an advancement; third, to Owen W. Thomas, Jr., the one-sixth part, subject to dower, and less a charge of $2000; fourth, to Abraham R. Thomas the one-sixth part, subject to dower, and less a charge of $2000; fifth, to Anna R. Witt the one-sixth part, subject to dower, and less a charge of $300; sixth, to Mary

J. Wilkinson the one-sixth part, subject to dower, and less a charge of $200; seventh, to Esther F. Wilkinson the one-sixth part, subject to dower, there being no charge or advancement. Exceptions were filed to the report, which were overruled by the master, but on the hearing of the exceptions by the court, the findings were set aside as to the advancements, and a decree rendered granting the widow dower in the premises, and dividing the residue equally between the six heirs.

No question is presented in regard to the decree awarding dower to the widow, Sarah Thomas, but it is claimed by appellants that Owen W. Thomas made an advancement to his daughter Hannah R. Galbraith of $500, and to his two sons, Owen W. Thomas, Jr., and Abraham R. Thomas, $2000 each, and that the court erred in not requiring each of them to account for the amount so advanced, on the division of the premises described in the bill.

It appears from the evidence, that on the first day of July, 1869, Owen W. Thomas and wife conveyed to Hannah R. Galbraith lot 5, in Culbertson's eastern addition to the town of Toulon, and this is the property claimed to have been advanced to her. There is some evidence in the record that Hannah R. Galbraith made statements, on different occasions, that her father had given her $1000 in town property on her share of his estate. The complainants also proved that the grantor in the deed had made statements, at different times, to the effect that he had given his daughter a deed of the property, and the amount was at least $1000, advanced on her share of his estate. But it is manifest that an advancement can not be established by evidence of this character. Section 7 of the act of 1872, in regard to descent of property, declares: "No gift or grant shall be deemed to have been made as an advancement unless so expressed in writing, or charged in writing by the intestate as an advancement, or acknowledged in writing by the child or other descendant." Under this statute, an advancement can not be created by parol declarations or state-

ments; but, on the other hand, in order to create a valid advancement, the gift or grant must be expressed in writing as an advancement, or charged in writing by the intestate, or acknowledged in writing by the child or other descendant. This is the plain provision of the statute, and it can not be disregarded. The deed, on its face, discloses nothing from which the inference can be drawn that the property conveyed was intended as an advancement, but rather the contrary. The consideration expressed is as follows: "For and in consideration of their love and affection for their daughter, and of $500 in hand paid."

But it is said the will of the deceased has an important bearing on the question. The testator, after making provision in the will for some of his daughters, then declares: "And to my daughter Hannah R. Galbraith the sum of five dollars, she having heretofore received the sum of $1000 in real estate, situated in John Culbertson's eastern addition to the town of Toulon, in the county of Stark and State of Illinois, which was worth $1500 at the time, and all without interest for twenty years. My several sons all had land and other property to the value of at least $2000 each." The language here used, giving it the most favorable view for complainants, can only be regarded as a mere declaration of the testator that he had on a prior occasion given his daughter $1000; but there is no intimation that the amount had been given by way of advancement, and the mere fact that he had made a present to his daughter, and had never charged it as an advancement, can not be regarded as giving aid to the position of complainants. As said in *Comer* v. *Comer*, 119 Ill. 180, it is not every gift that a parent may make the child that is to be considered an advancement. It should appear in some way it was intended as an advancement, before the child's part will be charged with it.

We now come to the question of advancement to the two sons, Abraham R. and Owen W. Thomas, Jr. On the 2d day

of March, 1876, Owen W. Thomas and his wife conveyed to Abraham R. Thomas eighty acres of land in Mahaska county, Iowa. The deed was made, as recited therein, "in consideration of love and affection and one dollar." On the same date the same parties conveyed to their son Owen W. Thomas, Jr., another eighty-acre tract of land in Mahaska county, Iowa. The deed recites, "for the consideration of the sum of two dollars in hand paid, and the love and natural affection we have for our son." The two deeds, and the declaration in the will of the deceased that "my several sons all had land and other property to the value of at least $2000 each," is the only evidence in writing relied upon to establish that the lands conveyed in the two deeds were intended as an advancement. There is nothing contained in either deed which in the least shows, or tends to show, that the lands conveyed were intended as an advancement. The lands may have been conveyed as a gift, or the conveyance may have been made in consideration of services rendered by the sons to their father; but however that may have been is immaterial. So far as the question here involved is concerned, it is enough that there is nothing appearing on the face of the deeds indicating that the lands were conveyed by the grantor, or accepted by the grantees, as an advancement. As to the clause in the will, we do not think it has any special bearing on the question. It is but a declaration of the testator that his sons had had property of the value of $2000. The declaration was probably thrown in as an excuse for not devising more of his property to his sons. Suppose he had given his sons property, or sold it to them, unless the transaction was made as an advancement it could have no bearing on the future disposition of the estate. There is nothing in the deeds or the will which brings the transaction within the terms of the statute.

We have not alluded to the declarations of Owen W. Thomas which have been proved, nor to the conversations between him and his sons, for the obvious reason that an advancement can

24—128 ILL.

not be established by parol, and hence such evidence can have but little bearing on the case. The legislature has seen proper to enact a law, which, in plain and clear language, declares that no gift or grant shall be deemed to have been made as an advancement unless so expressed in writing, or charged in writing, or acknowledged in writing by the child. Nothing of this character occurred here, and we perceive no ground upon which it can be held that either of the parties can be charged with money or property received from their father by way of advancement.

The decree of the circuit court will be affirmed.

*Decree affirmed.*