## Mary Jones and Nancy Garner v. Jeremiah Dawson, Administrator, etc.

1. ADVANCEMENTS—*How Proved.*—In order to create a valid advancement, the gift or grant must be expressed or charged in writing as an advancement by the intestate or acknowledged in writing as an advancement by the child or other descendant. Mere memoranda of what he had given his children, made by a person since deceased, which do not contain anything to show that they were more than mere charges, or anything expressing the intention of the deceased that the gifts were made as advancements or charged as such, are not proofs that such gifts were made as advancements.

**Order of Distribution,** of money in hands of an administration. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

KAY & KAY, attorneys for appellants.

CHARLES W. RAYMOND, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a case appealed from the Circuit Court of Iroquois County from an order of the court overruling exceptions to the appellee's final report as administrator of his father's estate, and an order of the court ordering distribution according to the recommendations of the report.

The report showed a balance due to the several heirs of the deceased in the aggregate of $3,253.24.

The appellants were two of the heirs of Elisha Dawson, deceased, and excepted to the report, alleging that Elisha Dawson in his lifetime had made advances to his several children and grandchildren as follows: .

| | |
|---|---|
| To Sally Holloway, a daughter, now dead, and her descendants.......................................... | $406.00 |
| To Jeremiah Dawson, a son..................... | 847.00 |
| To Mary M. Jones (*nee* Dawson), a daughter (appellant) ................................. | 190.00 |
| To Lucretia Tompkins, a daughter, now dead.................................. 67.00 | |
| To her daughter, Mary Crist...............247.00 | |

|  |  |
|---|---|
| | 314.00 |
| To William M. Dawson, a son................... | 897.00 |
| To Thomas Dawson, a son....................... | 947.00 |
| To Hillias Dawson, a son....................... | 847.00 |
| To Nancy Garner, a daughter (appellant)........ | 247.00 |
| To Irvin P. Dawson, a son...................... | 847.00 |

And contended that by virtue of the said advancements, the heirs of the deceased were not on an equal footing in the distribution of the estate as provided for in the fourth, fifth, sixth, seventh, and eighth sections of chapter 39 of the Revised Statutes, and asked the court to make such order as would make the parties equal in the distribution of the estate.

The judge of the County Court having been of counsel for some of the parties, the cause had been transferred by agreement to the Circuit Court, and the present counsel for appellees having been elected judge of the County Court,

the estate now remains in the Circuit Court for settlement. The Circuit Court heard the evidence and decided, under the statute as it then existed, that there was no advancement, approved the administrator's report and ordered distribution as prayed for therein.

From such order this appeal was taken to this court.

The evidence of advancement consisted almost entirely of an old account book of the deceased, claimed to have been kept by him, and in which, it is claimed by appellants, he caused to be entered the several supposed advancements.

The entire question to be decided in this case is, as to whether the proof sustains the appellant's claim of any of the supposed advancements, otherwise the administrator's report and recommendation of distribution and the order of the court approving it are conceded to be correct.

Sec. 7, Chap. 39, R. S., provides that "no gift or grant shall be deemed to have been made in advancement unless so expressed in writing or charged in writing by the intestate as an advancement, or acknowledged by the child or other descendants.

This statute applies to advancements made prior to its enactment in cases of subsequent distribution as well as to cases arising since its enactment. Simpson v. Simpson, 114 Ill. 603.

So that this case will be governed by the provisions of that statute. And under this statute an advancement can not be created by parol declaration or statements. But, on the other hand, in order to create a valid advancement, the gift or grant must be expressed in writing as an advancement, or charged in writing by the intestate as an advancement, or acknowledged in writing by the child or other descendant. Wilkinson et al. v. Thomas et al., 128 Ill. 363. It is held in Comer v. Comer, 119 Ill. 180, that it is not every gift that a parent may make the child that is to be considered an advancement. It should appear in some way that it was intended as an advancement before the child's part shall be charged with it. See, also, for authority in point, Wallace et al. v. Reddick et al., 119 Ill. 151.

It appears from the evidence that Elisha Dawson could neither read writing nor write anything beyond his own name and was eighty-one years old when he died.

There appears on the second page of the sixth leaf of the account book of the deceased, this entry :
"1868.

Dec. 6.   I have debited each with their shares of dowry on the preceding pages."

This entry was not put there by the deceased nor to his knowledge nor with his consent.

It was put there by his son Hillias, who says he put it there "of my own free good will to avoid trouble."

He did not know that he showed it to his father or read it to him.   He put it down for the purpose of showing what he thought his father was aiming to do himself.

All the other charges in the book were mere charges of so much money or land, or perhaps not even charges, with no statement for what purpose.

The following is a sample of all :
" 22

1868.   Hillias Dawson.

Dec. 6.   One horse...........................$ 80.00
          "    cow..............................
          and other stock......................    .67
          Real estate.........:................  700.00."

It was a mere memorandum of what he had given his children in real estate and in personal property.   The deeds were introduced in evidence and none of them showed any intended advancement but rather a gift or sale.

None of the writings were made in the handwriting of the deceased, and the day book, so-called, had been written in by different members of the family, especially his son Hillias, and granddaughter, Mary Crist.

We can not find from the entries that any of the entries in the deceased's day book, which have been shown to have been authorized by deceased, were anything more than mere charges, and nothing in them expressing the intention of the deceased that the gifts were made as advancements or

charged as such.    The Circuit Court appears to have held correctly that there were no advancements.

Seeing no error in the record, the order of the court below, from which this appeal is taken, is affirmed.