# Chicago & Alton Railroad Co. v. Alexander Pettigrew.

1. MASTER AND SERVANT—*When Necessary to Warn the Servant of Risks.*—It is not necessary that a servant should be warned of every possible manner in which injury may occur to him, or of risks that are as obvious to him as to the master.

2. SAME—*Duty of Master to Point Out Dangers.*—The master is not required to point out dangers which are as readily discoverable by the servant himself, by the use of ordinary care, with such knowledge, experience and judgment as the servant actually possesses, or as the master is justified in believing him to possess.

3. SAME—*Obligations to Take Care of the Servant.*—The master is under no more obligation to take care of the servant than the servant is to take care of himself.

**Action in Case**, for personal injuries. Trial in the Circuit Court of McLean County; the Hon. JOHN H. MOFFET, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed December 2, 1898. Rehearing denied.

WM. BROWN, general solicitor, and A. E. D'MANGE, attorneys for appellant.

SAMPLE & MORRISSEY, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant in an action on the case for negligence, and recovered a verdict and judgment for $1,500, from which the latter has appealed to this court.

The declaration in substance charges that on August 7, 1897, the appellee, being young and inexperienced in the use of machinery, and having been employed in the shops of appellant as helper, was directed to cut bolts from the boiler of a locomotive with a machine called compressed air nippers, the same being operated by force of compressed air; that appellant, knowing his inexperience, gave no instructions concerning the operation, or warning as to any danger in the use of such machine; that in fact the operation of the machine caused the pieces of bolts cut off by it to be thrown in various directions, and they could not be seen or avoided; that no guard or fender was provided or attached to the machine to prevent the ends of bolts so cut off from striking the operator, and that while appellee was operating the same with due care, being ignorant of the use thereof, one of the bolt ends struck and put out an eye.

The material facts appearing on the trial are, in substance, that appellee, to obtain employment in the service of

appellant, falsely represented his age to be twenty-one years, after which he occupied the position of helper in the shops of appellant, for the period of sixteen months, and until he was hurt. At the time of the trial appellee was past twenty-one years of age, and appears to be a bright and intelligent young man. The machine he was directed to use had been in use in the shops for four months before the accident, and is what its name implies—nippers, operated by compressed air, equal to the force of 30,000 pounds pressure, applied by the movement of lever or handle. The practical operation of the machine is simple and easily understood, but requiring care and exactness in placing the knives of the nippers to the neck of the bolt previous to applying the force. It is but reasonable to infer that after its having been in the shops four months, during which time 5,000 bolts were cut with it, any ordinary person in the shops, interested in the kind of work done there, would understand or become acquainted with the principles of its operation. If the knives of the nippers are placed with their center on the center of the bolt to be cut, and the air applied, the nippers close and the bolt is cut, the piece flying straight backward, and thence to the ground. Should the air be applied when the center of the knives are below the center of the bolt, the piece cut off will fly upward and outward; if set above the center of the bolt the piece will fly outward and downward, but in neither case will it fly to the right or left. It seems that the force of this machine, when applied for the purposes of cutting a bolt, will have the same effect in propelling the detached piece as an equal force applied upon a chisel by means of the blows of a sledge or hammer, at either boiler, anvil or other place. A guard or fender would have destroyed the use of the machine, and there is no complaint the nippers were not perfectly constructed as such, and in good repair.

It is first insisted by counsel for appellant that the false statement by appellee concerning his age, by which he brought about the relation of master and servant, should in legal effect deprive him of all remedy for the injury alleged

to have occurred to him. If by means of a falsehood he entered a dangerous service, he now ought to be denied redress for injuries received in such service. We are unwilling to apply such doctrine to the facts of the case. If it be true that appellee, by means of deception and fraud, entered the service of appellant, that would be no excuse for negligence on its part, if such negligence resulted in injury to appellee.

The other principal grounds urged by counsel for appellant in support of their assignment of errors, are that the verdict is against the weight of the evidence, and that the court gave improper instructions to the jury. The specific negligence charged in the declaration, other than that there was no guard or fender, is that appellant gave appellee no instructions concerning the operation or working, as to any danger in the use of the machine. From the evidence in the case, we are unable to understand why a person of ordinary intelligence, such as appellee was, if he knew how to operate the machine, which the evidence also shows he did, could not readily discover for himself, where the danger was in such operation, and by the use of ordinary care avoid it. Appellee had already cut sixteen or eighteen bolts before he was injured, and must, if he used proper care, have known where the bolts went when cut off. Besides, ordinary men well know the effect of force applied in any manner with sufficient power to sever an iron or steel bolt of the size used in steam boilers. All know the effect will be to cause the unconfined part to fly off, and in the opposite direction to the force applied to it, and that it would be perilous to get in the way of the flying particle. The result of such force, although not so potent, is as certain and inevitable as the explosion of powder behind the projectile in a gun. Every ordinary person in the use of due care for his own safety will avoid placing himself in the way of such dangers. Had appellee stood at the side of the machine instead of the front, or as it is described in the evidence, behind it, he would not have been subjected to hazard.

It is the settled and elementary law that it is not necessary

that a servant should be warned of every possible manner in which injury may occur to him, nor of risks that are as obvious to him as to the master. The master is not required to point out dangers which are as readily discoverable by the servant himself by the use of ordinary care, with such knowledge, experience and judgment as the servant actually possessed, or as the master is justified in believing him to possess. Shear. & Red. on Neg., Sec. 203 and notes. The master is under no more obligation to take care of the servant than the servant is to take care of himself. We think the appellee failed to prove, by the weight of the evidence, the negligence averred in the declaration.

Some of the instructions given by the court to the jury at the instance of the appellee, of which complaint is made, we think were erroneous and misleading. To instance in this regard, the fourth and fifth instructions inform the jury that the master is required to exercise reasonable care to see that the machinery provided is reasonably safe, and the servant has the right to rely upon the discharge of such duty in the absence of knowledge to the contrary. It may be these instructions contain correct and elementary law, but it is abstract merely, with no application to the issues tried. The real issue made upon the declaration was, whether the servant had been, or was informed, by the master or otherwise, of the danger in the use of the machine, not whether the master had used reasonable care in furnishing a safe one. The evidence we think shows that a fender or guard would destroy the use of the machine altogether, and the declaration is otherwise upon the theory that the machine was perfect of its kind, and with knowledge of the dangers incident to its use, that it was safe. Instructions, like the evidence, should be confined to the issues made by the pleading, otherwise they mislead the jury. Under these instructions, the jury might well have found that appellant had failed to use reasonable care to furnish a safe machine, when, if appellee was entitled to a verdict at all, the jury must find that appellant was negligent in failing to warn appellee of the dangers incident to the use of the machine. The evidence upon this

latter issue, as we have seen, was at most conflicting, which furnishes an additional and strong reason why the instructions should be accurate and confined to the issues presented by the declaration.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.