ELIZABETH D. YOUNG *et al.*

*v.*

CARL C. YOUNG *et al.*

*Opinion filed October 26, 1903.*

1. ADVANCEMENTS—*advancement must be charged in writing.* Under the statute no gift or grant is an advancement unless so expressed in writing or charged in writing as an advancement or acknowledged in writing by the recipient of the gift or grant.

2. SAME—*parol evidence is not admissible to show advancements.* No material or essential part of the proof necessary to establish an advancement can be supplied by parol testimony.

3. SAME—*what does not show advancement.* An account book showing charges of money paid to children by their father from time to time does not show such sums were advancements, even though the father intended them as such, where there is nothing in writing evidencing such intention.

APPEAL from the Circuit Court of Schuyler county; the Hon. THOMAS N. MEHAN, Judge, presiding.

GLASS & BOTTENBERG, and D. L. MOURNING, for appellants.

B. O. WILLARD, (L. A. JARMAN, of counsel,) for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the circuit court of Schuyler county by Elizabeth D. Young and others to reverse a decree there rendered in a proceeding for partition.

John A. Young, a resident of Schuyler county, died in June, 1902, owning about four hundred acres of land, leaving a widow, Elizabeth D. Young, and nine children. During his lifetime he from time to time paid money to several of the children, keeping an account of such payments in an account book. Some time before his death he made a conveyance of land to one of his sons, Carl C. Young, and at the same time entered in the account book an item for a sum equaling the consideration expressed in the deed, namely, $8100. Soon after his death his widow and J. Henry Young, a son, were appointed administrators of his estate. A controversy arose as to the shares of the several children in the estate, it being claimed by some that the items set forth in the book of accounts were advancements, intended by the father to be deducted from the shares of the children named in each account, while others claimed that the items were gifts by the father, not to be taken into account in the settlement of the estate, and others that the items were charges against the children as mere debts due to the father. Carl C. Young filed a bill for partition of the lands, claiming that each of the heirs, who were made defendants, was entitled to a one-ninth share thereof, (without mentioning the supposed advancements,) and

praying also for the assignment of homestead and dower to the widow. One of the daughters and the widow filed an answer, alléging that the conveyance to Carl C. was an advancement to him, and that the latter's interest in the estate does not amount to that much. Three of the boys who were minors answered by guardian *ad litem*, denying that the bill correctly set forth the shares of the heirs, and alleging that the charges in the account book were so made as advancements, not only to Carl C., but also as to three of the other children who had received money from the father. The widow and the five children against whom no items appear in the account book then filed a cross-bill, (which was afterwards amended,) alleging that the items set forth in the account book were advancements, and praying that the same be so considered in determining the respective interests of the heirs in the lands. A demurrer was sustained to the cross-bill first filed, and by an amendment it was alleged that the items were charged, in writing, as advancements to the four defendants. Answer was filed by the defendants, denying the allegations of the cross-bill, and this formed the principal issue in the court below. Upon the hearing the chancellor dismissed the cross-bill and ordered partition and the assignment of dower according to the prayer of the amended original bill, holding that the several items in the account book were not advancements.

Upon this appeal the sole question is whether the items in the account book, under a proper interpretation of section 7 of chapter 39 of the Revised Statutes, can be treated as competent evidence of advancements made by the deceased to his several children. That section provides: "No gift or grant shall be deemed to have been made in advancement unless so expressed in writing or charged in writing, by the intestate, as an advancement, or acknowledged in writing by the child or other descendant."

Four pages of an account book of the deceased were offered in evidence, upon the hearing, by counsel for the cross-complainants, as follows:

(Page 158.)

1899.                    Apc. James H. Young.

Ap. 20.—Cash................................................ $100.00
Ju. 15.—Cash. ............................................... 500.00
Sept. 4.—Charged cash..................................... 1000.00
1901.
Dec. 1.—Bank stock....................................... 1500.00

(Page 159.)

1897.                    Apc. Sadie Young.

July 7.—Cash............................................... $50.00
Feb. 6.—Cash............................................... 500.00
Apr. 6.—Cash............................................... 100.00
Dec. 1898.—Cash........................................... 500.00
                                                        $1150.00
Sept. 1898.—In store....................................... 3416.67
                                                        $4566.67

(Page 160.)

Sept. 15, 1889.    In Apc. with Florence Young.

1889.—Three hundred dollars...............................$300.00
1890.—Three hundred dollars............................... 300.00
1892.—Three hundred dollars............................... 300.00
1893-4.—          $325.00
                   100.00
                   125.00
                  $550.00                                  550.00
Sept. 4.—Cash.............................................. 50.00
           Cr. cash...........................$ 5.00
Oct. 16.—Cr. cash........................... 5.00
Feb. 3.—Cr. by cash........................ 5.00
                                          $15.00
Sept. 24, 1901.—Crg. by cash...............................500.00

(Page 161.)
In Apc. with Carl C. Young.

1900.   Jan. 1.—Deeded to C. C. Young 178 acres land, valued
           at $8100 dollars....................................$8100.00

Cross-complainants also offered in evidence a warranty deed signed by the deceased, John A. Young, and his wife, conveying to Carl C. Young, for the consideration of $8100, one hundred and seventy-eight acres of land. The testimony of the widow was then offered by the cross-complainants to show that the deceased, as he

made the entries in the books, had stated to her and to others that his purpose in keeping this account was to make a record of his advancements to his children, expecting it to come out of their share in the farm, but this evidence was rejected by the court. Evidence of Mary E. Young, one of the daughters, and John Robinson, a young man who had worked for the deceased, to the same effect, was also objected to, but the court received it, overruling the objection. The defendants to the cross-bill introduced the testimony of W. H. Dooley, who had been a partner in business with the deceased, and who stated, in substance, that the deceased had told the witness, in explanation of his deed to Carl C. Young, that he "felt like he would like to favor him and put him in shape to help himself." In the same examination he states: "I do not know as he said he gave him the farm at all; he says, 'I want to fix him.'" The witness further states that as to the daughter Sadie, he heard deceased say on one occasion that her house "wasn't finished and the accommodations wasn't very good to entertain any one outside of the family, and he said he wanted a place to stay when he came to town, and when he came to town he liked to stay at his daughter's, and said he just gave her $500 to finish the house with."

Upon this evidence, which was all that was introduced, it is clear the circuit court properly dismissed the cross-bill, and held that the items in the account book did not comply with the requirements of the statute as to the making of an advancement. The language of the statute is not of doubtful meaning, but is plain, clear and easily understood. No gift or grant shall be deemed to have been an advancement unless so expressed in writing or charged in writing by the intestate as an advancement, or acknowledged in writing by the one receiving the gift or grant. Inasmuch as advancements, under this statute, cannot be evidenced by parol declarations or statements, (*Wilkinson* v. *Thomas,* 128 Ill. 363,) no material

or essential part of the proof necessary to establish an advancement can be supplied by parol testimony. The deed to Carl C. contains nothing which distinguishes it from an ordinary warranty deed. The book account, at most, evidences the charging of money paid to the children from time to time, but discloses nothing from which the inference can be drawn that the payments were made by way of advancements, as contemplated by the statute. It is not enough that the deceased intended the several accounts to be advancements. The items will not have such a legal effect, however clear the intention may be, if that intention be not evidenced in the manner required by the statute. *Long* v. *Long,* 118 Ill. 638; *Bartmess* v. *Fuller,* 170 id. 193; *Marshall* v. *Coleman,* 187 id. 556.

The decree of the circuit court will be affirmed.

*Decree affirmed.*