264    APPELLATE COURTS OF ILLINOIS.

VOL. 140.]    Green v. Jones Bros. Coal & Mining Co.

## Harry Green, Appellee, v. Jones Bros. Coal & Mining Company, Appellant.

1. MASTER AND SERVANT—*what essential to recover for failure to furnish safe place to work.* In order for a servant to recover of his master for the latter's failure to exercise reasonable care to furnish him with a reasonably safe place to work, it must appear, first, that the place was dangerous in the particular alleged; second, that the master knew, or, by the exercise of reasonable care should have known, of such dangerous condition; and, third, that the servant did not know the defect or dangerous condition, and that his opportunity for knowing the condition and the danger was not equal to that of the master.

2. MASTER AND SERVANT—*when there is no duty to warn.* A master is not required to point out dangers which are readily discernible by the servant for himself by the use of ordinary care, with such knowledge, experience and judgment as the servant actually possesses, or as the master is justified in believing him to possess.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1907. Reversed, with finding of facts. Opinion filed March 18, 1908.

SCHAEFER, FARMER & KRUGER, for appellant.

WEBB & WEBB and LOUIS KLINGEL, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action in case, brought by appellee against appellant, to recover damages for injuries sustained while employed and engaged as a shot-firer in appellant's coal mine. The declaration is in one count and alleges: That it was the duty of said appellant to so drive and open up the said entries, cross-cuts and rooms in said mine so as to leave the pillars separating said rooms of sufficient thickness to prevent shots being fired in one room breaking through into an adjoining room and causing injury

to the plaintiff; but contrary to its duty in that regard the defendant so negligently and carelessly drove the first mining room off of the third east entry and the adjoining room on the east thereof as to leave the pillar between said rooms too thin, and while the plaintiff, in the exercise of due care for his safety and without any knowledge that said pillar was too thin, was entering the adjoining room on the east of the first mining room off of the third east entry, a shot fired in the room last mentioned broke through the said pillar and into the room where plaintiff was, causing large piece of coal to strike plaintiff, breaking his right leg and dislocating the left one and otherwise severely injuring plaintiff's body.'' Appellant filed the general issue. A trial by jury resulted in a verdict and judgment for appellee for $1,500, from which appellant prosecuted an appeal to this court. Appellee was employed by appellant and at the time of his injury was a shot-firer. He is a man thirty years old and a miner of sixteen years' experience. He worked for appellant as a miner sometime prior to his becoming a shot-firer and as a shot-firer he worked for seven or eight months in rooms one and two, that part of the mine where the injury occurred. The rooms referred to had been driven south from an east and west entry a distance of about 140 feet. Eighty feet from the entry is the first cross-cut which connects these two rooms. From the entry to the face, room two is practically straight, of uniform width and within parallel lines. Room one, which is west of room two, was driven in line to the southeast toward room two, to the point where the first cross-cut was opened. By this divergence from a north and south line, the pillar between the entry and cross-cut was triangular in form, being thirty-seven feet, the distance between the rooms at the entry, and about eight feet at the cross-cut. From the cross-cut, room one was driven south a distance of fifty-nine feet. The coal was taken out in such manner that the pillar between

266 APPELLATE COURTS OF ILLINOIS.

VOL. 140.]     Green v. Jones Bros. Coal & Mining Co.

the rooms was eight feet thick at the north end and gradually increased to fourteen feet near the south end, where, by mining the east rib near the face of the coal in room one, the pillar or coal between the rooms was reduced to only six feet. This was substantially the condition when appellee and his buddy (a brother) entered the rooms and began the operation which resulted in his injury. It was the duty of a shot-firer to enter the mine after the miners had left, to inspect and fire the blasts that had been prepared in a practical and workmanlike manner by the miners for the purpose of shooting down coal for work the following day. On the evening of August 28, 1906, appellee and his brother entered room one about 5:30 in the evening. They found two charges to be fired in this room, one in the face, and the other—which caused the injury—in the left or east side six feet back from the face. The hole drilled for the charge in the rib lacked only a few inches, less than a foot, of going through the pillar into room two. This was the third of a series of shots that had before that day been placed and fired in the left rib eight or ten feet back from the face. As to the purpose in blasting out the left rib, there was dispute; the appellee contending that it was merely to widen the room, while appellant insists that it was to open a cross-cut at that point as by the statute required, it being substantially sixty feet from the other cross-cut already mentioned. Appellee and buddy lighted the two charges in room one and to escape danger from the explosion ran back and through the cross-cut into room two. Appellee then went to the south end or face of the coal in room two, and when about to light the prepared charges or shots found there, the rib charge in room one exploded, blowing through the pillar, dislodging, breaking and scattering the coal, a part of which struck and injured appellee.

At the close of the evidence in behalf of the plaintiff, and again at the close of all the evidence, the de-

fendant moved the court for a peremptory instruction to find for the defendant. The motion was denied, the instruction refused, and the defendant excepted. Error was duly assigned and the ruling of the trial court is challenged in this appeal. The appellee's complaint, the substance of the charge in his declaration, is that appellant failed in its duty to furnish him a safe place to work. It is alleged that the pillar between the rooms was too thin, a condition which endangered appellee while in the performance of his duty as a shot-firer. To maintain an action on this allegation it was necessary to prove, (1) that the place was dangerous in the particular alleged, (2) that appellant knew or by the exercise of reasonable care should have known the dangerous condition, and (3) that appellee did not know the defect or dangerous condition and that his opportunity for knowing the condition and the danger was not equal to that of appellant. The authorities are numerous and harmonious in support of this proposition. The rule is stated in Goldie v. Werner, 151 Ill. 551, and quoted with approval in Montgomery Coal Co. v. Barringer, 218 Ill. 327. After a careful consideration of all the evidence in the case we are of opinion that the evidence does not tend to prove the third proposition under the rule. Appellee's long experience as a miner, his knowledge of the relative location of the two rooms, his familiarity with the course, direction and progress of the work, his knowledge and skill as a shot-firer, all considered, we are pursuaded that no one connected with the mine, so far as disclosed by the evidence, was better qualified than he to judge and determine the danger incurred by exploding the charge which caused his injury. He knew and testifies, that room two was straight, that the pillar at the cross-cut was but eight feet in thickness, that room one was driven in a curve toward room two, for a distance of forty or fifty feet beyond the cross-cut, that the miners were at work taking out the coal on the east rib of

268     APPELLATE COURTS OF ILLINOIS.

VOL. 140.]     Green v. Jones Bros. Coal & Mining Co.

room one back from the face eight feet or more, and
that he fired the shots required in that part of the
work, that the mining was then directed toward
room two, as was also, the charge, which being
fired caused the injury. Appellant's evidence and
the circumstances shown tend strongly to prove that
the purpose of mining the east rib was to drive
a cross-cut through the pillar at that point. But
whether that was the purpose, which appellee denies,
makes no difference, for the operation of mining and
blasting out the coal was directed the same as it would
have been had a cross-cut been intended, and appellee
must be held to have known, as well as any one could
know from observation, that the pillar was being re-
duced by every shot fired. He testifies that he had
been firing in rooms one and two for eight months,
that he had gone through the cross-cut a hundred times
or more, and that the east rib was cut in to a depth of
eight feet toward room two at a point six or eight feet
from the face of room one. From his own testimony
he must have known that there remained only a few
feet of coal between the rooms. The known conditions
were such that he must be charged with knowledge of
the danger, or at the very least, that his opportunity
for knowing the danger was equal to that of the ap-
pellant. As an experienced shot-firer, acting within
his statutory duty to inspect the blasts prepared for
him, may it be said that he did not know and did not
appreciate the danger from firing a shot located and
directed as the one in question? He handled the ex-
plosive in use, knew, or as an expert should have
known, the probable effect of a discharge under the
conditions shown in this case, and we are constrained to
hold, as matter of law, that he assumed whatever
risk was incurred by the operation. "It is the settled
and elementary law that it is not necessary that the
servant should be warned of every possible manner in
which injury may occur to him, nor of risks that are
as obvious to him as to the master. The master is not

required to point out dangers which are readily discernible by the servant for himself by the use of ordinary care, with such knowledge, experience and judgment as the servant actually possessed, or as the master is justified in believing him to possess." C. & A. R. R. Co. v. Pettigrew, 82 Ill. App. 33. "An employe assumes the risk of known dangers, and such as are so obvious that knowledge of their existence is fairly to be presumed." Pittsburg Bridge Company v. Walker, 170 Ill. 550. "It is the rule that an employe of sufficient age and experience is chargeable with knowledge of the ordinary conditions under which the business is conducted and its ordinary risks and hazards, and will be presumed to have assumed all such risks and hazards which to a person of his experience and understanding are, or ought to be, patent and obvious." C. & E. I. R. R. Company v. Heerey, 203 Ill. 492. For the reasons indicated the peremptory instruction should have been given. The judgment will therefore be reversed with a finding of facts to be incorporated in the judgment of this court.

*Reversed with finding of facts.*

We find as facts that the appellant was not guilty of the negligence charged in the declaration, and that the risk and hazard from the explosion of the shot which caused appellee's injury was incident to his employment and was by him assumed.