## Mary M. Strasburger, Appellee, v. Ezra G. Hoffman, Administrator, Appellant.

### Gen. No. 5,653.

1. ADVANCEMENT—*definition*. An advancement is the giving by a party to a child or heir, by way of anticipation, the whole or a part of what it is supposed the donee will be entitled to on the death of the donor.

2. EVIDENCE—*where witness translates language of memorandum.* Where a German memorandum is introduced in evidence to de-

termine whether certain gifts were advancements, testimony by a witness, translating the language therein, that he did not find the word "advancement," or a German word meaning "advancement," is properly excluded.

3. ADVANCEMENT—*evidence.* Where a memorandum shows that gifts were made as part of the inheritance, this is sufficient to show that they were intended as advancements.

4. ADVANCEMENT—*oral evidence.* Oral evidence cannot be introduced to show that gifts were intended as advancements.

Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

S. W. BARTLETT and MARK C. KELLER, for appellant.

HENRY C. WARNER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee filed a petition in the County Court of Lee county in the estate of her father, Henry Hoffman, deceased, for an order requiring the administrator to charge an advancement of $4,000 against each of her six brothers, George, Henry, Philip, Stephen, Julius and Ezra. She appealed to the Circuit Court from an order denying her petition. On a trial in the Circuit Court $4,000 was ordered charged against each of said sons as an advancement. The administrator, who was also one of said sons, has appealed to this court.

Section 4 of Chapter 39 of the Revised Statutes, entitled "Descent," enacts that any real or personal estate, given by an intestate in his lifetime as an advancement to any child shall be treated as a part of the intestate's estate, as regards division thereof among his issue, and shall be taken by such child towards his share of the intestate's estate. Section 7 of said chapter provides that "no gift or grant shall be deemed to have been made in advancement unless so expressed in writing or charged in writing by the

intestate as an advancement, or acknowledged in writing by the child or other descendant.'' Henry Hoffman died intestate. He wrote the German language. He kept a book in his own handwriting in German in which he stated as to each son the details of a conveyance to such son of certain real estate which he there described and at a price he there named, and in each of said entries were certain words which appellee contends show that $4,000 of the purchase price of such land was given to such son as an advancement, and which words appellant contends do not constitute an advancement. Appellee had translations made and testified to by four witnesses, and appellant produced one witness who testified to his translation. The witnesses differ slightly in the form and order of the words, but not in those material to this case. As given by the first witness, the entry as to Julius, after giving the date and a description of the real estate conveyed to him and the total purchase price of $11,880, then said: ''Four thousand of this he retains as share of the inheritance, and $7,880.00 at five per cent.'' The paragraph relating to Julius then goes on to give the details of payments made by him thereon. As to Ezra, after the details of the lands conveyed to him and the acreage and price per acre and the total of $12,150, the entry proceeds thus: ''Four thousand is to be deducted as a share of the inheritance; Eight thousand one hundred and fifty dollars he has to pay with six per cent interest from April 1st, 1891.'' The entry in relation to Stephen shows the price and various payments by Stephen and then the following: ''August 1, 1895, Steve's account closed. After the interest and the taxes for 1893 and 1894 are deducted and everything that I have loaned him and that he has paid me to date and everything is accounted for, he still owes me on the farm $4,523.00. Four Thousand he has received as a share of the inheritance.'' Then follow further entries as to payments by Stephen. As to Philip the entry,

after giving date and description and amount of $9,090.00, proceeds thus: "Of this I gave him Four thousand Dollars as a share of the inheritance. Balance he has to pay me with six per cent interest." In a like entry as to George, showing a conveyance for $10,000, this follows: "Of this I gave him four thousand dollars as a share of the inheritance. The balance he has to pay me with six per cent interest." In a like entry as to Henry, showing conveyance of a farm for $10,800, it proceeds thus: "Of this I gave him four thousand Dollars as a share of the inheritance. The balance he has to pay me with six per cent interest." Under several of these entries is a statement of a later date that he gave such son $1,000 as a gift which was to be deducted from the purchase price.

It will be observed that the word "advancement" was not used by any witness in his translation, and one witness for appellant testified that he did not find the word "advancement" or a German word meaning "advancement" upon the various pages of this book from which he had read. The court sustained an objection to this on the ground that the witness had translated the language and it was not for him to determine its meaning. An advancement is the giving by a party to a child or heir by way of anticipation the whole or a part of what it is supposed the donee will be entitled to on the death of the party making it. Wallace v. Reddick, 119 Ill. 151; Gary v. Newton, 201 Ill. 170. We are of opinion that it was not essential that the deceased should have used the word "advancement" in these written entries in order to create an advancement, expressed in writing by the intestate, but it is sufficient if he used other words equivalent in meaning thereto. We are of opinion that the words used clearly showed that of the purchase price of the lands severally conveyed to each of these six sons, he gave that son $4,000 and expressly stated in writing that it was to be a part of the sum which such son

would inherit from his estate. It is apparent that the intestate understood the distinction and meant to express it when, as to several of such sons, he stated later, underneath the former entries, that he had given such son a present of $1,000 of the consideration.

Appellant showed that the deceased had conveyed a farm to appellee and that he had given $1,000 to each of her eight children, and that he had intended to give her a certain note for $3,000, which she did not receive. Nowhere were these gifts charged by deceased in writing as an advancement, or acknowledged in writing by appellee as an advancement. A letter by deceased to appellee, in evidence, shows that he intended that she should have more of his estate than any of his sons. The reasons for this are not shown and are immaterial. It is clear from Elliott v. Western Coal & Mining Co., 243 Ill. 614, Young v. Young, 204 Ill. 430, and Wilkinson v. Thomas, 128 Ill. 363, that under the statute above quoted appellant could not introduce oral evidence to show that any of the gifts of deceased to appellee were intended as advancements.

The order is affirmed.

*Affirmed.*