## Alva Collins, Appellee, v. Fred Kurth et al., Appellants.*

### Gen. No. 7,488.

1. MASTER AND SERVANT—*actual knowledge of danger as dispensing with duty to warn.* Recovery cannot be had by a farm hand for the loss of his hand due to its being caught in the knives of an ensilage cutter on the ground of failure of the master to warn him of latent dangers in the machine, where the evidence shows that the employee had actual knowledge of the dangerous character of the machine and was aware of the source of danger that existed and of what it consisted.

2. APPEAL AND ERROR—*when court should reverse without remanding.* Where the trial court should have directed a verdict because the evidence did not tend to establish a cause of action, and refused to do so, the Appellate Court should reverse the judgment, with a finding of facts, and not remand the case.

Appeal by defendants from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1925. Reversed. Opinion filed October 10, 1925.

E. P. HARNEY, A. L. GRANGER and C. M. GRANGER, for appellants.

LUTHER B. BRATTON and JOHN A. MAYHEW, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The appellee, Alva Collins, as plaintiff below, brought an action of trespass on the case against the appellants for the loss of his hand through injuries received in an ensilage cutter. Appellee was 47 years of age and had been engaged as a farm hand, doing general farm work, since he was 9 years of age. Until a little over a year prior to the accident his home

---

* Publication of the opinion in this case was withheld until this time by direction of the court.

had been in Hamilton county, Illinois, where he had worked for his sister. While so engaged he was considered "first man," that is, there were two farm hands employed and appellee directed what work should be done. He went to Woodford county and obtained employment as a farm hand. In May, 1922, appellant Fred Kurth hired him at a wage of $30 per month. He had very little education.

Fred Kurth and the other three appellants are neighbor farmers. There was a system prevailing in their neighborhood of trading work among the farmers while filling silos. Appellants were the owners of an ensilage cutter. In cutting corn for silos appellants' ensilage cutter was used. As a general proposition, the farmer whose corn was being cut furnished a tractor for motive power. Work had thus been going on for approximately two weeks when the outfit went to Kurth's farm to fill his silo and it was at his place where appellee was injured.

The ensilage cutter was admittedly of the latest type and was known as a "self-feeder." It was so-called because it had a carrier, upon which the corn stalks were thrown and moved toward a pair of floating rollers which partially crushed the stalks and corn. The carrier then moved the stalks to a second pair of rollers, the latter being stationary rollers which further crushed the corn. After going through these rollers the corn passed on to the cutters, consisting of a series of large knives, where it was shredded and put in condition to be placed in the silo.

The corn was brought to the machine in wagons and then thrown on the carrier. It was not always necessary for anyone to assist the feeder, but if the corn was rough or in such condition that it did not properly lie in the carrier, it was necessary for someone to stand beside the carrier and straighten the stalks in it. On the day of the accident the corn was being so straightened. Kurth and appellee took turns

in performing this work. During one of the times appellee was so employed his hand became caught in the knives and he received the injury complained of.

The declaration contained an original count and an additional count. No evidence having been offered in support of the original count, the court peremptorily instructed the jury to disregard that count and the cause was then submitted upon the evidence in sup-. port of the additional count. This count averred that appellee was working about the said machine under appellants' orders and with their knowledge; that the work he was doing was outside the scope of his duties and employment; that he was inexperienced in the use of said machine; that the machine was dangerous; that he could not foresee the danger nor was he warned or instructed as to it, or in the use of the machine; that it was the duty of appellants to so warn and instruct him and that his injury was the result of such negligent failure, etc.

Appellee testified that he had been at work with the ensilage cutter for about eight days; that he had not fed the machine at any time prior to the day of the accident; that he had taken his turn in feeding four or five times during that day; that he knew the corn was being placed in the machine for the purpose of having it crushed and cut; that he had, on several occasions, assisted in taking out the knives for the purpose of sharpening them; that after they had been sharpened he had assisted in replacing them, and that he had assisted in tramping the ensilage in the silo. It therefore appears that he had knowledge of the character of the work he was performing and the mechanical method employed in doing it.

Appellee further testified that the manner of placing the corn on the carrier was for a wagon to drive alongside the carrier and the man in charge of such wagon would throw the corn from the wagon upon the carrier: that this corn was usually in bundles of various sizes; that the bundles were thrown over the head of the man

at the feeder, and on to the carrier, where the corn was straightened out by him; that while appellee was so engaged, something struck him on the back of the head; that he involuntarily threw up his hand and it was then caught by the knives, inflicting his said injury, and that he does not know what it was that struck him. The driver of the wagon testified that he was not struck by a bundle of corn and that he did not know what, if anything, did strike him.

It is fundamental that a plaintiff must recover, if at all, upon proof of the averments in his declaration. There is no charge in this case that appellee was injured by reason of any act of his, done as a result of his being struck by a bundle of corn. The precise charge is that his injury was received because of the negligent failure of appellants to warn him of latent danger in the machine, and unless the proof supports that charge he cannot recover. Proof that the injury was caused by some other agency or through some other negligence would not warrant a recovery, in this case.

It is the duty of a master to warn and instruct his servant as to dangers of which he knows, or, in the exercise of reasonable care, ought to know, and of which the servant has no knowledge, either actual or constructive. But it is not necessary that the servant should be warned of dangers that are as obvious to him as to the master. (*Chicago & A. R. Co. v. Pettigrew*, 82 Ill. App. 33.) Even though a master be negligent in not giving his servant instructions as to the dangers of his employment, still, if the servant received such information from other sources, whether from other persons or from his own observation, and is thereafter injured, the master is not liable, since his negligence is not the proximate cause of the injury. (26 Cyc. 1170.) The reason for requiring a master to warn a servant against a latent danger is to advise the servant of peril which he might not anticipate and which through casual misadventure or

inadvertence he might encounter, in the absence of warning. A master is not required to warn his servant of dangers the servant knows about, and has means of avoiding. (*Mohr & Sons v. Martewicz*, 139 Ill. App. 173; Thompson on Negligence, vol. IV, sec. 4061.) The proof in this case shows that appellee had actual knowledge of the dangerous instrumentality which caused his injury and that he knew of its existence and location with absolute precision and definiteness.

The undisputed evidence shows that appellee had sufficient warning of the dangerous character of the machine he was operating and was aware of the source of the danger that existed and of what it consisted. It is obvious that there can be no recovery upon the declaration in this case. Therefore the trial court should have given a peremptory instruction in favor of appellants. In view of this conclusion it is not necessary for us to discuss the errors assigned as to the admission of testimony or as to the instructions given or refused by the court.

Where the trial court should have directed a verdict because the evidence did not tend to establish a cause of action and refused to do so the Appellate Court should reverse the judgment, with a finding of facts, and not remand the case. *Mirich v. Forschner Contracting Co.*, 312 Ill. 343, 357.

We find that appellee was not inexperienced in the use of the machine in question; that he had actual knowledge of and could forsee the dangers inherent in said machine; that he had actual knowledge of the dangerous character of the machine and of the existence and location of the knives which lacerated his hand, and that his injuries were not due to any failure on the part of appellants or either of them to warn and instruct appellee in the use of the machine or as to any latent danger therein. This judgment is reversed.

*Judgment reversed.*