In the Matter of the Estate of Adolph F. Nelson, Deceased.
Anna C. Johnson, Petitioner and Appellee, v. John A. Johnson, Administrator. Charles G. Nelson, Respondent and Appellant.

Gen. No. 8,075.

Opinion filed August 12, 1929. Rehearing denied October 10, 1929.

BERGLAND & CURTIS and EDWARD S. STICKNEY, for appellant,

R. C. RICE and MARSH, LEWIS & THOMPSON, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Anna C. Johnson filed a petition in the county court of Knox county against Charles G. Nelson, her brother, under section 81 of the Administration Act, Cahill's St. ch. 3, ¶ 82, to require him to appear before the court and be examined concerning an alleged indebtedness due from him to the estate of Adolph F. Nelson, deceased. Upon a hearing in the county court, the matter in controversy was decided in favor of the respondent and the petitioner appealed to the circuit court. A trial by jury in the circuit court resulted in a verdict and judgment against the respondent in the sum of $8,026.67. An appeal to this court was then taken.

The proceeding concerns a transfer of $7,000 out of the savings account of Adolph F. Nelson in the Bank of Altona, to the respondent, Charles G. Nelson. The material facts are that Adolph F. Nelson had been a successful farmer and was the father of both petitioner and respondent. He had retired from the farm and lived in Altona, a short distance from the aforesaid bank. The petitioner and respondent were his only children. A cordial and intimate family relation existed among them. On January 5, 1926, respondent, Charles G. Nelson, went to the bank and told Gilbert Larson, the president, that Mr. Nelson wanted to see him. Mr. Larson proceeded to the Nelson home, where he found Adolph F. Nelson, and his son, Charles G. Nelson. After a casual conversation among them, Mr. Adolph F. Nelson said to Mr. Larson, "Charlie needs some money and I guess I had better let him have it." He spoke in the Swedish language. He asked Larson how much money there was in his savings deposit account at the bank and Larson replied that there was something over $7,000. Larson presented a savings

receipt for the transfer of $7,000 from the account of Adolph F. Nelson to Charles G. Nelson and Adolph F. Nelson signed it. No one was present during this conversation except the three persons above mentioned. The evidence does not disclose that the father ever made any declarations prior or subsequent to the transaction in explanation of the transfer. The money was afterwards checked out of the Altona Bank by Charles G. Nelson. At the conclusion of the evidence offered in behalf of the petitioner, the respondent entered a motion for a directed verdict in his behalf. The court denied the motion.

The respondent then offered evidence showing that his father had lived in the neighborhood of Altona for at least 60 years; that he had been the owner of more than 700 acres of land at one time; that in 1896 he transferred a farm of 120 acres to his daughter, Anna, and at the same time gave to the respondent $10,000 in cash; that later he conveyed 320 acres of land to Anna and a like amount to Charles, reserving in both deeds a life estate to himself; that in 1914 he gave $5,000 in cash to each of his children; and that at the time of his death, he possessed $20,000 in personal property, which was divided equally between the two children. At the conclusion of all the evidence, the respondent again moved for a directed verdict and the motion was denied.

The petitioner contends that the facts show the transfer of $7,000 from the account of the father to the son was a loan, and it was upon that theory that she recovered the judgment in this case. On the other hand, the respondent contends that the surrounding circumstances are sufficient to establish a gift, and that even if they do not affirmatively show it, still, an unexplained transfer of money by a parent to a child is presumed to be a gift and not a loan.

Numerous Illinois cases are to be found holding that where a conveyance of real estate is made by a parent

to a child for a nominal consideration, the law presumes it to be a gift. (*O'Donnell v. O'Donnell,* 303 Ill. 31; *Maciejewska v. Jarzombek,* 243 Ill. 136; *Hartley v. Hartley,* 279 Ill. 593; *Dodge v. Thomas,* 266 Ill. 76; *Bachseits v. Leichtweis,* 256 Ill. 357; *Dorman v. Dorman,* 187 Ill. 154.) But there is a dearth of authority in cases where the transfer is of personal property. The general rule in other jurisdictions is that where money is paid by a husband to his wife, or a parent to a child, without explanatory words, it is presumed to be a gift or advancement, although such presumption is rebuttable. (28 C. J. p. 669, sec. 71.) In this State, since the enactment of sections 4–7 of ''An Act in Regard to the Descent of Property,'' Cahill's St. ch.39, ¶¶ 4–7, advancements are no longer presumed. These sections provide that no gift or grant shall be deemed to be made in advancement, unless so expressed in writing or charged in writing by the intestate as an advancement or acknowledged in writing by the child or other descendant. (*Wilkinson v. Thomas,* 128 Ill. 363; *Gary v. Newton,* 201 Ill. 170; *Young v. Young,* 204 Ill. 430.) It therefore follows that if the general rule with respect to transfers of personal property is to obtain in this State, it must be modified to the exclusion of advancements.

Where similar statutes are in force, it seems that a gift of personal property will be presumed where a parent places it in the possession of a child, and allows him to use it as his own. (12 R. C. L. p. 972, sec. 44.) The social relationship between parent and child necessitates this rule. But even if this were not so, the record in this case is sufficient to establish the transfer as a gift. A decision in this case need not rest on a presumption. The subject of the gift was money. It was transferred from the account of the parent to the account of the son. The son used it as his own and checked it out to meet his own purposes and conveniences. He was never called upon to replace it or to

execute any evidence of indebtedness. All the essential facts of the gift, which are the delivery of the property by the donor to the donee with intent to pass the title (*Fanning v. Russell,* 94 Ill. 386; *Telford v. Patton,* 144 Ill. 611; *Bolton v. Bolton,* 306 Ill. 473), have been proven. The testimony of Larson, petitioner's witness, furnishes clear and convincing proof of these essentials. Both the delivery of the property and the intent to pass its title were conclusively evidenced by the statement and directions of the donor to Larson, the acts of Larson in making the transfer, and the subsequent appropriation and use of the property by the donee. There is no evidence in the record tending to rebut the proof of these essential facts. We find as an ultimate fact to be incorporated in the judgment that the transfer of $7,000 as above set forth was a valid gift made and delivered by Adolph F. Nelson to Charles G. Nelson, with intent to pass title. Under the evidence, the trial court should have directed a verdict for the respondent. On account of this error, the cause is reversed without remanding (*Collins v. Kurth,* 247 Ill. App. 156, affirmed 322 Ill. 250.)

Complaint is made by appellant as to the fourth instruction given on behalf of the petitioner. In view of the conclusions we have expressed concerning the conclusiveness of the proof and the duty of the court to have given a peremptory instruction, it matters little whether the instruction was correct or not. However, even upon the theory of a loan, in the absence of an agreement to pay interest, none will accrue before the debt falls due or demand is made for payment of the loan. (*Totten v. Totten,* 294 Ill. 70.)

*Reversed.*