JENNIE STUMER

*v.*

LIZZIE PITCHMAN.

*Filed at Ottawa March 26, 1888.*

1. SLANDER—*actionable words*—"*she is a thief*." The words spoken of another, "she is a thief," without qualification, imply a charge of larceny, and are actionable *per se*.

2. SAME—*of an instruction*—*whether properly limited to actionable words charged*. In an action for slander, the court instructed the jury, that if they believed, from the evidence, that the defendant, in the presence, etc., falsely and maliciously spoke of and concerning the plaintiff any one or more of the sets of words alleged in the declaration, imputing to the plaintiff that she was a thief, and intended thereby to intimate that she was a thief, then they should find for the plaintiff. It was contended, that as the declaration contained "sets of words" not actionable *per se*, the charge would warrant a finding for the plaintiff on proof of such words: *Held*, that the instruction was applicable only to "sets of words," which imputed larceny to the plaintiff, and was not liable to mislead the jury.

3. NEW TRIAL—*absence of witness—want of diligence—immateriality— improper conduct of opposite party*. A new trial will not be granted on the ground that the successful party, by improper conduct, prevented the attendance of a witness for the other party at the trial, when the witness was not subpœnaed, and his attendance could have been had by the use of the usual process.

4. The fact that the matters a defendant expected to have proved by a witness had he attended the trial, are immaterial, and the failure to show that the plaintiff was guilty of any improper conduct to induce him to stay away, affords good reasons for not granting a new trial based on the alleged ground of such improper conduct on the part of the plaintiff.

5. APPEAL—*reviewing facts—question of excessive damages*. The amount of damages sustained by a plaintiff in a civil suit at law, is a question of fact, as to which the finding of the Appellate Court is conclusive upon this court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for the appellant:

If words spoken, of themselves, amount to a charge of lar-·ceny, yet, if accompanied with a specification of acts upon which the charge is based, which shows that no such crime was ·committed, the party of whom the words were spoken has no ·cause of action. *Ayers* v. *Grider*, 15 Ill. 38; *McKee* v. *Ingalls*, 4 Scam. 30; *Brite* v. *Gill*, 2 T. B. Mon. 67; 2 Selwyn's Nisi Prius, (7th Am. ed.) 1254; *McClurg* v. *Ross*, 5 Binney, 218; *Lockhart* v. *Byerty*, 53 Pa. St. 418; *Thompson* v. *Bernard*, 1 ·Campb. 45; *Allen* v. *Hillman*, 12 Pick. 102; *Onslow* v. *Hone*, 3 Wis. 187.

The doctrines and defences we rely on are available under the general issue, after verdict and judgment. *Brite* v. *Gill*, 2 T. B. Mon. 67; *Allen* v. *Hillman*, 12 Pick. 102; *McKee* v. *Ingalls*, 4 Scam. 30; *McClurg* v. *Ross*, 5 Binney, 220; *Zucker-man* v. *Sonnenschein*, 62 Ill. 117.

The verdict of $2400 was the result of passion and preju-dice, and the *remittitur*, under the circumstances of this case, ·does not cure the verdict. *Loewenthal* v. *Streng*, 90 Ill. 76.

Messrs. BRANDT & HOFFMAN, for the appellee:

To say of another, "he is a thief," if unexplained, imputes to him the crime of larceny, and is actionable. *Robinson* v. *Keyser*, 22 N. H. 23; *Fisher* v. *Roteran*, 2 McCord, (S. C.) 190; *Dudley* v. *Robinson*, 2 Ired. L. 141; *Curtis* v. *Curtis*, 10 Bingh. 477; *McNamara* v. *Shannon*, 8 Bush, 559; *Miller* v. *Johnson*, 79 Ill. 58.

It is familiar law, that if enough of the words charged in the declaration to constitute a slander are proved as therein ·charged, it is sufficient. All the words alleged need not be proved. Nor will proof of additional words, or different words, vitiate, unless they so qualify the meaning of the slanderous words as to remove the slander. *Sanford* v. *Gaddis*, 15 Ill. 228; *Wilborn* v. *Odell*, 29 id. 458; *Harbison* v. *Shook*, 41 id. 145.

Words actionable *per se* may be explained by other words. or the attendant circumstances. *Zuckerman* v. *Sonnenschein,* 62 Ill. 115; *Ayers* v. *Grider,* 15 id. 37; *Winchell* v. *Strong,* 17 id. 597.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by Lizzie Pitchman, against Jennie Stumer, in the Superior Court of Cook county. It is an action on the case, to recover damages for alleged slander. On the trial the jury returned a verdict in favor of the plaintiff, and assessed her damages at the sum of $2400. Of the sum found by the jury, $800 was remitted, and thereupon the court overruled the motion of defendant for a new trial, and entered judgment on the verdict for the sum of $1600. That judgment. was afterwards affirmed in the Appellate Court for the First District, and defendant brings the case to this court on her further appeal.

One ground urged in support of the motion for a new trial was, that plaintiff had been guilty of improper conduct in preventing the attendance, at the trial, of Minnie Witzke, who, it is alleged, was a material witness for defendant. The affidavits. filed in support of this motion have been examined, and it is seen the matters alleged do not afford the slightest ground for a new trial. In the first place, it does not appear the witness was subpœnaed at all, otherwise her attendance might have been compelled, for it appears it was known on the day when her presence was desired, where she was. No reason is shown why she could not have been brought into court by the use of the usual process. But no effort was made to use the process of the court for that purpose, and defendant can not be heard to complain that the witness was not in court. But a still more satisfactory reason is, that the matters which defendant alleges she expected to prove by the witness were not of the slightest consequence, and could not have affected the merits of the case one way or the other. Nor is there any sufficient.

evidence of any improper conduct on the part of plaintiff to induce the witness to stay away from court, and from the affidavit of the witness found in the record, it is hardly probable if she had been present she would have testified to the things defendant says she expected to prove by her. There was no error in the trial court in refusing a new trial on the ground suggested.

In both counts of the declaration, the words alleged to have been spoken by defendant concerning plaintiff, imputed to her the crime of larceny. The words spoken are, "she is a thief," "she stole thirty dollars from me," and other expressions implying the same thing. These words, or the substance of them, are found in both counts of the declaration, and the finding of the trial and Appellate courts is a sufficient warrant for the assumption it is proved they were spoken by defendant concerning plaintiff. The position taken by counsel, that when defendant said of plaintiff "she is a thief," or used other similar expressions, she used qualifying words that showed she did not intend to impute to her the crime of larceny, can not be sustained. It was said of plaintiff, by defendant, in the broadest terms, without any qualifying words whatever, that "she is a thief." That is equivalent to charging her with having been guilty of the crime of larceny. The words spoken, "she is a thief," imply a charge of larceny, and are actionable *per se*. *Miller* v. *Johnson*, 79 Ill. 58.

But a single instruction was given by the court on behalf of plaintiff, and that is said to be erroneous. In that instruction the jury were told, if they believed, from the evidence, defendant, in the presence of persons other than plaintiff, "falsely and maliciously spoke of and concerning the plaintiff any one or more of the sets of words alleged in the declaration, imputing to the plaintiff that she (the plaintiff) was a thief, and intended thereby to impute to the plaintiff that she (the plaintiff) was a thief," then the jury should find for plaintiff, and assess her damages. The objection taken to this instruction seem-

ingly having the most force is, that the declaration contained "sets of words" that are not actionable *per se,* and therefore the charge of the court would warrant the jury in finding for plaintiff if such words were proved. While the charge is perhaps not as clearly expressed as it should be, it will be seen it is only proof of "sets of words" that *ex vi termini* charge that plaintiff "is a thief," that would warrant a verdict for plaintiff. There was abundant evidence of the speaking of such words. Understanding the instruction in this sense, it was not so erroneous as to mislead the jury, especially in view of the facts of the case as they were fully developed by the evidence. It might be that under a widely different state of facts the instruction would be misleading, and it would be error to give it.

Whether the damages found by the jury are excessive or not, is a question not open to review in this court. The amount of damages sustained by the plaintiff in an action at law is a question of fact, as to which the finding of the Appellate Court is conclusive upon this court. This point has been so often ruled by this court it need not now be discussed as a new question.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*