# Henry Frochter, Defendant in Error, v. George Arenholz and Michael Arenholz, Plaintiffs in Error.

## Gen. No. 7,619.

1. HIGHWAYS—*sufficiency of evidence to show negligence of automobile driver stopping car beside highway at night to adjust lights.* Where the driver of an automobile, the lights of which had become extinguished by the jar of crossing a railroad track, drove ahead to a point where an arc light overhung the roadway, and stopped as far to the right of the traveled way as he could safely drive for the purpose of fixing his lights, a verdict finding the owner of such car guilty of negligence contributing to cause the injury of one resulting from a collision between such standing car and another was against the manifest weight of the evidence.

2. DAMAGES—*admissibility of evidence, in action for personal injury, to show improper treatment of injury by physician.* Questions asked of a physician, in an action for personal injuries, sustained in an automobile accident, the evident purpose of which was to show that the treatment given to the injured person by the last of several physicians who treated him was improper, held properly excluded as having no bearing upon the issues of the case respecting the liability of the defendant.

3. EVIDENCE—*when physician properly permitted to testify that plaintiff in personal injury action was suffering from his injuries.* Where the testimony of a physician that the plaintiff in an action for personal injuries was suffering very much was based upon his own observations, the admission of such testimony was not error.

4. EVIDENCE—*when testimony of medical witness properly excluded as positive statement of fact as distinguished from opinion.* In an action for personal injuries it was error to overrule an objection to a question asked of a medical witness, as to whether the injured leg of the plaintiff would ever become straightened, the question calling for a positive statement as distinguished from an opinion.

5. EVIDENCE—*admissibility of opinion of medical witness as to whether injured plaintiff would ever be able to return to work as coal miner.* In an action for personal injuries it was error to overrule an objection to a question asked of a medical witness, as to whether the injured plaintiff would ever be able to resume work as a coal miner, the answer to such a question not being admissible as opinion evidence.

6. HIGHWAYS—*when instruction as to speed of automobile properly refused as inconsistent.* A requested instruction, in an action for injuries in a collision of automobiles, that even if the jury believed that the defendant's automobile was being driven at a greater rate of speed than permitted by statute, this alone would not permit plaintiff to recover, unless they further found that such automobile was being driven at a speed that was greater than reasonable and proper, having regard to the traffic and use of the way, held properly refused, being inconsistent in that if the speed was not unreasonable in view of the traffic and the use of the way, then such speed was not unlawful.

7. APPEAL AND ERROR—*reversal as to all defendants where joint judgment erroneous as to one.* A joint judgment against defendants in an action for personal injuries, erroneous as to one defendant, must be reversed as to all.

Error by defendants to the Circuit Court of Peoria county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the April term, 1926. Reversed and cause remanded. Opinion filed October 8, 1926.

E. V. CHAMPION, GEORGE W. HUNT and CLARENCE W. HEYL, for plaintiffs in error; WAYNE C. TOWNLEY and HEYL & HEYL, of counsel.

JOSEPH A. WEIL and JOSEPH F. BARTLEY, for defendant in error; WEIL, BARTLEY & WEIL and LEO. F. CAVANAUGH, of counsel.

MR. JUSTICE JONES delivered the opinion of the court.

This is an action in case brought by the defendant in error in the circuit court of Peoria county against the plaintiffs in error jointly. The declaration contains two counts, and by apt averments charges that defendant in error received personal injuries in consequence of the concurrent negligence of plaintiffs in error. Both counts aver that defendant in error was in the exercise of due care and caution for his own safety. Plaintiffs in error filed separate pleas and were represented by different counsel. A trial was had before

a jury and a verdict rendered against them jointly for $5,000. They have separately brought the cause to this court by writ of error.

The evidence tends to show that Michael Arenholz was a dealer in coal and employed in his business an automobile truck and a driver. His truck, driven by such an employee, was going south on a public highway which extends from Peoria through Bartonville and passes the Peoria State Hospital. The truck was equipped with acetylene lamps that were lighted, and as it passed over some railroad tracks which crossed the highway the jar extinguished them. The driver, observing that the lights were out, drove a short distance farther south to a place immediately opposite the State Hospital where there was an electric arc light overhanging the highway from the west side. He there stopped the truck and alighted for the purpose of fixing the lights. While he was doing this a Ford automobile owned by Fred Hinckley, and carrying Hinckley, his son and defendant in error, approached from the north. The two Hinckleys were in the front seat and defendant in error was in the rear seat, all going south to a coal mine at which they were employed. It was about six o'clock in the morning in the month of December. It was not light and there was a little rain or mist falling. The right side of the Ford car struck the left side of the truck near the rear end and the Ford went to the left side of the truck where it stopped. The three men alighted and defendant in error went to the rear of the Ford car, and while he was standing there another car driven by plaintiff in error, George Arenholz, came from the north and struck him, causing the injuries for which he sued.

The main questions in dispute are whether the driver of the truck was negligent in stopping his car where he did without any tail light or any illumination burning upon the rear end, and without indicating its pres-

ence or giving any warning to approaching vehicles or persons; whether the defendant in error was guilty of contributory negligence; whether George Arenholz was guilty of negligence in the management of his car and whether the accident occurred in a street in the village of Bartonville.

After reviewing the case our conclusion is that the evidence shows that the truck driver was not guilty of any actionable negligence in stopping where he did. Although defendant in error and one or two of his witnesses claim that the driver of the truck left it standing with all four wheels upon the paved portion of the road, the great preponderance of the evidence shows that he drove the truck as far as he could off of the pavement. The shoulder along the west side of the concrete was about 5 feet wide. A ditch on the west side of the shoulder prevented his getting entirely off of the pavement, but the right wheels of the truck were as close to the ditch as it was safe to drive. The absence of lights on this car was due to the fact that they became accidentally extinguished as he crossed the railroad tracks. His only purpose in stopping was to repair the lights and this he attempted to do under an arc light. He drove as far off the pavement as he could and immediately proceeded to fix the lights. It is contended that there were shadows under the arc light, but the testimony fails to show that there was any heavier or different kind of shadow than is usual under an arc light. Two disinterested witnesses testified that the rear end of the truck was in the light and could be plainly seen, one of them stating that it could be seen a block away. The driver could not lawfully operate his truck upon the highway without lights while it was dark, and it seems that he acted as any reasonably cautious and prudent person would act under the circumstances. There is therefore no ground for the action as against Michael Arenholz. An accidental break in machinery, or a defect in the mechan-

ism or parts peculiar to the car, often gives the person operating it no choice about leaving a car standing in the road until a remedy for the mishap is found.   The rights of persons operating cars upon the public highway are coequal, and it seems apparent that all parties operating cars in the exercise of ordinary care should be on the lookout for other cars either moving or standing in the highway.   It is a reciprocal duty to exercise reasonable care to avoid collisions.   *Collins v. McMullin*, 225 Ill. App. 430.   The question of a defendant's negligence is ordinarily a question of fact for the jury, and courts will not disturb a verdict unless it is manifestly contrary to the weight of the evidence, but in this case, the verdict is against the manifest weight of the evidence, and the trial court should have directed a verdict in behalf of Michael Arenholz.

Before passing upon other questions, we desire to say that from the record in this case it is not clear whether the accident occurred on a street in Bartonville or not.   The evidence should have been more explicit upon that subject because it is a matter in dispute.

Counsel for the respective plaintiffs in error complain that prejudicial error arose out of the conduct of counsel for defendant in error in the examination of a juror, and also in the examination of a witness. It is claimed that this led the jury to believe there was an insurance company interested in the defense of the case.   The questions asked the juror and his answers showed that he was employed by an insurance company and that one of counsel for George Arenholz represented the same company.   There is nothing in the examination of the juror to indicate that the questions were asked for any other purpose than to enable counsel to exercise his right of challenge.   *Iroquois Furnace Co. v. McCrea*, 191 Ill. 340; *Aetitus Spring Valley Coal Co.*, 246 Ill. 32.

A witness for defendant in error had testified under cross-examination to parts of a conversation with George Arenholz and his counsel. On redirect examination he stated that he signed a paper about which he had been cross-examined and that Mr. Heyl said it would not "inflict" with Frochter's trial. When asked what he meant when he said "inflict" and if there was anything said about that by Heyl, he replied, "I think he came down there and told me he was the insurance company, or lawyer for the insurance company, and he wanted to straighten up the case." The answer was stricken on objection and the jury was orally advised by the court to pay no attention to that portion of the evidence and they were also told to disregard it by a written instruction. The answer of the witness was undoubtedly improper and prejudicial. The general rule is that where part of a conversation has been testified to, the adverse party is entitled to the whole of the conversation, but the rule will not permit a party to introduce evidence which would not be otherwise admitted merely because the adverse party has brought out some evidence on the same subject. 22 C. J. Evidence, § 163. Counsel for defendant in error disclaims any knowledge that the conversation referred to an insurance company and asserts that the answer came as a surprise to him. As the cause must be reversed on other grounds and the same error is not likely to occur on another trial, we refrain from further comment on this point.

It also appears that after the accident defendant in error was taken to the Methodist Hospital in Peoria and there treated by three physicians. Subsequently he was moved to another hospital and thereafter was under the care of a different physician who testified to the method of treatment he used. One of the physicians who treated him at the Methodist Hospital was called on behalf of plaintiffs in error and testified to the method of treatment given by him and his two

associate physicians. He was also asked if he had an opinion as to whether there would have been a union of the bone if that treatment had been continued. The evident purpose was to show that the treatment used by the last physician was improper. The court properly sustained objections to this line of questioning. The wrongdoer is liable for all the actual consequences of the injury whether the method of treatment adopted by the injured person was or was not the best possible. 17 C. J. Damages, § 103. The testimony of Dr. Ives that defendant in error was suffering very much was based upon his own observations and there was no error in the admission of such testimony. *Chicago, B. & Q. R. Co. v. Martin,* 112 Ill. 16; 11 R. C. L. Expert and Opinion Evidence, § 31. The same physician was asked whether the injured leg would ever become straightened and answered, "No." This was objected to on the ground that it called for a positive statement and not an opinion. The objection was overruled. On questions of science, skill or trade, or others of the like kind, persons of skill called as experts are permitted to give their opinion in evidence. *City of Chicago v. Mc-Given,* 78 Ill. 347; *Toledo, W. & W. Ry. Co. v. Baddeley,* 54 Ill. 19. We think the objection should have been sustained. The witness was also asked for his opinion as to whether the defendant in error would ever be able to resume his work as a coal miner. An objection to its competency was overruled but we think it should have been sustained. Human ability in a customary connection is within the rule excluding opinion evidence. 11 R. C. L. Expert and Opinion Evidence, § 20.

Plaintiff in error, George Arenholz, complains of instructions 3 and 5 given on behalf of defendant in error. Identical instructions were given in *Kershaw v. Illinois Power Light Corp.,* 238 Ill. App. 642, and held to be correct statements of the law. Objection is made that the court refused to give his first, second,

third and eleventh offered instructions. The first of the refused instructions told the jury that even though they believed George Arenholz ran his automobile at a greater rate of speed than permitted by the statute, this alone would not entitle plaintiff to recover, unless they further found that his speed was greater than was reasonable and proper—having regard to the traffic and use of the way. The instruction is inconsistent and was properly refused. If the rate of speed was not unreasonable when the traffic and the use of the way are considered, it was not unlawful. The second refused instruction was limited to the actual lack of knowledge by George Arenholz of the presence of the Ford car on the highway. It omitted all reference to whether the exercise of reasonable care should have disclosed its presence, and it assumes that the car of George Arenholz struck the Hinckley car, which in turn struck defendant in error. There is nothing in the pleadings or the testimony on which to base this assumption. The instruction was properly refused. The third refused instruction is covered by the twenty-first and twenty-second instructions given for this plaintiff in error and we see no error in refusing it. Refused instruction No. 11 ignored the question of due care on the part of defendant in error and was properly refused.

Whether or not any liability exists as against George Arenholz is a matter about which we can express no opinion at this time. However, we do hold that under the facts in the case no liability has been proven against Michael Arenholz. The judgment against them is a joint one, and as such is a unit as to all defendants. If such a judgment is reversed as to one, it must be reversed as to all. *South Side El. R. Co. v. Nesvig,* 214 Ill. 463; *Seymour v. O. S. Richardson Fueling Co.,* 205 Ill. 77. The judgment of the circuit court is reversed and the cause is remanded.

*Reversed and cause remanded.*