## Mable E. Sugru, Appellee, v. Highland Park Yellow Cab Company, Appellant.

### Gen. No. 7,852.

October term, 1927. 1928. Rehearing denied January 28, 1929.

Heard in this court at the Opinion filed August 15,

HALL & HULSE and SILBER, ISAACS, SILBER & WOLEY, for appellant; A. A. PARTLOW, ALBERT HALL and SAMUEL LEVIN, of counsel.

CLARENCE W. DIVER and CASSELS, POTTER & BENTLEY, for appellee; RALPH F. POTTER and GEORGE C. BUNGE, of counsel.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Appellant is engaged in the taxicab business at Highland Park in Lake county. On the evening of October 18, 1925, a call came to the company's office for a taxicab to be sent to the residence of a Mr. Hoopes. The chauffeur picked up three passengers at that address and drove south on the Green Bay Road toward Chicago. It was a dark night. It had

been raining and the moon and stars were obscured. About a half mile south of the Lake county line, at a place where the road goes through a forest preserve, the lights on the taxicab went out. The roadway at this point is concrete, 18 feet wide with a dirt shoulder two or three feet wide to the west of the pavement. Immediately to the west of this shoulder is an open ditch. The chauffeur drove the cab over to the west side of the road until the right wheels went off the pavement on the dirt shoulder as close to the ditch as the wet condition of the ground would permit. While the chauffeur was trying to find the trouble with the lighting system, one of the passengers got out of the cab and went over to the east side and stood guard on the pavement. It was then about 9:30 o'clock in the evening.

Appellee was riding in an automobile, driven by her husband. As she was proceeding south along the highway, her car collided with the car of appellant, and she was thrown against the windshield, receiving the injuries for which this suit is brought. The declaration consisted of five counts. The first count charged general negligence. The other counts set up specific acts of negligence. Each count charged that appellant's car was not provided with lights as provided by statute. To the declaration, the plea of the general issue was filed. At the close of appellee's evidence and again at the close of all the evidence, a motion was made by appellant to direct a verdict in his favor. These motions were overruled. A verdict was returned for appellee for $2,500, and judgment was rendered thereon.

It is urged that appellee was guilty of contributory negligence in driving her car at a dangerous rate of speed, considering the condition of the pavement and the place through which the road ran; that had she been observing the highway as she should have been, she would have seen appellant's car and called her

husband's attention to it, in time to have avoided the collision, and that the record fails to disclose any negligence on the part of appellant because it was necessary for the chauffeur to park his car where he did in order to restore the lights.

Appellee claims that appellant's cab was standing about the middle of the pavement, but the testimony to support that contention is based wholly on the position of the cab after the impact. It seems to us that the weight of the evidence shows that its position at the time of the collision was as stated by appellant's witnesses.

The headlights on the car in which appellee was riding were in good condition but were not turned on. The only lights on that car were the parking or cowl lights and a spotlight which appellee testified was lighting the road and focused about 16 feet ahead. She estimated she could see 60 feet ahead of the car by the spotlight.

The statute of this State provides that every motor vehicle shall carry two lighted lamps visible at least 200 feet in the direction towards which the motor vehicle is proceeding, during the period from one hour after sunset to sunrise. The provisions of the statute are for the benefit not only of those who are using the highway ahead of the car, but also to enable those in driving the car to avoid accidents. (*Johnson v. Gustafson*, 233 Ill. App. 216.) Nonperformance of such statutory duty resulting in injury to another may therefore be said to be negligence as a conclusion of law. (*Terre Haute & I. R. Co. v. Voelker*, 129 Ill. 540; *Johnson v. Gustafson, supra.*)

If the headlights had been lighted on the Sugru car as required by statute, the yellow cab of appellant would have been visible to appellee and her husband a considerable distance farther away than it was when only the parking lights and the spotlight were used. It is also probable that if the headlights had been

lighted, they could have seen the man who was trying to stop them, in time to have avoided the collision. It is undisputed that the passenger who was standing on the east side of the cab was yelling and waving his arms in an attempt to stop the Sugru car, but that it did not stop and crashed into the rear end of the cab.

No reason is apparent why appellee did not know that the car in which she was riding was being driven without the headlights burning, or why she did not request her husband to turn on and use them. While it is true the negligence of her husband could not properly be imputed to her, still she was responsible for her own negligence if it contributed to her injury. Where the negligence of the person who receives the injury contributes to the injury, he cannot escape the consequences of his own carelessness. If the person riding in the vehicle knows that the driver is negligent and takes no precaution to guard against injury, he cannot recover, for, in such case the negligence is his own and not simply that of the driver. The plaintiff cannot lawfully omit to use care in blind dependence upon another, but must use care proportionate to the danger of which the facts convey knowledge. (*Flynn v. Chicago City R. Co.*, 250 Ill. 460.)

The facts upon which it is sought to establish the charge of negligence against appellant are similar to those in the case of *Frochter v. Arenholz*, 242 Ill. App. 93. In that case the driver of a car had stopped upon the pavement to repair his lights, and another car collided with his car. In our opinion we said: "The driver could not lawfully operate his truck upon the highway without lights while it was dark, and it seems that he acted as any reasonably cautious and prudent person would act under the circumstances. * * * An accidental break in machinery, or a defect in the mechanism or parts peculiar to the car, often gives

the person operating it no choice about leaving a car standing in the road until a remedy for the mishap is found."

We think the evidence shows that appellant took every reasonable precaution to avoid the accident and that appellee was not in the exercise of due care for her own safety.

Appellee's fourth instruction is inaccurate. It told the jury that the negligence of the plaintiff's husband, if any, is not a defense to this suit; that if they believe from the evidence that the plaintiff's injuries were proximately caused by some negligence of the defendant shown by the evidence, if they believe such negligence has been shown, and if they further believe from the evidence that the plaintiff was not negligent at the time of or immediately before the accident, in any way which proximately contributed to her injury, their verdict must be for the plaintiff. The instruction is subject to the criticism that it does not confine the right of recovery to the ground averred in the declaration, but gives the jury the right to find the defendant guilty of some negligence not charged therein. (*Chicago & A. R. Co. v. Rayburn*, 153 Ill. 290; *Lake Shore & M. S. Ry. Co. v. Probeck*, 33 Ill. App. 145.)

The verdict was against the manifest weight of the evidence, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*