14

Spencer L. Crawford, Appellee, v. Frank R. Cahalan, Appellant.

Gen. No. 8,197.

Heard in this court at the February term, 1930. Opinion filed September 18, 1930.

LITCHFIELD & SNYDER and NICHOLSON, CRANDALL & SNYDER, for appellant.

HALL & HULSE, for appellee; WILFRED E. HALL and MARSHALL MEYER, of counsel.

MR. JUSTICE JONES delivered the opinion of the court.

The plaintiff, Spencer L. Crawford, obtained a judgment against the defendant, Frank R. Cahalan, for $659.65. A declaration of three counts appropriately averred that the plaintiff's automobile was damaged through the negligent driving of the defendant's automobile. There is no question raised on the pleadings and therefore it is unnecessary to set them out.

The facts are that plaintiff's son, Kendall Crawford, was employed in his father's service station. On May 12, 1929, Kendall closed the station about 1:30 o'clock a. m. and started home in his father's automobile. He lived on what is known as the Green Bay Road, an extension of the Waukegan Road north. As he neared his destination, there appeared to be a car parked along the highway north of the gate or entrance into his home. The night was foggy and damp. The shoulders of the highway were muddy and slick. Because of these conditions, plaintiff's son felt that he could not turn around upon the pavement, so he proceeded north to an intersecting gravel road, where he turned around and came back. He then noticed a car which had skidded off of the pavement into a small

ditch on the east side of the road. It was headed so that its lights shone diagonally across the road to the northwest. He went about 25 feet beyond the car in the ditch and then backed up to a position approximately opposite it. He stopped on the right-hand or west side of the road. One of the occupants of the car in the ditch came over to him and after a brief conversation returned to his car.

At this time, two cars approached from opposite directions. The one from the south was driven by Joseph R. Piller. The one from the north was driven by the defendant Cahalan. Piller testified his bright lights were on; that he saw plaintiff's car on the west side of the road with its headlights facing south and also the car in the ditch; that he gave his car the gas in order to get between the two standing cars and pass defendant's car as it came from the north. He had gone 15 feet past the ditched car when he heard a crash. He stopped, went back, and found plaintiff's car crosswise the road and the defendant's car upside down. Piller did not hear any warning signal. He was quite indefinite as to the speed of defendant's car and would only state that he had ''a slight opinion'' that its speed was 45 or 50 miles an hour.

The defendant testified that as he was driving south he saw the lights of a car shining towards him from an angle on the left. These lights were evidently from the car in the ditch. He also saw the bright lights from the car driven by the witness Piller. He observed the tail light of plaintiff's car when he was about 75 feet from it, but because of the bright lights facing him and the foggy condition of the atmosphere, he believed such car was in motion. He did not discover it was not moving until he was within about 25 feet of it, whereupon, he made an effort to turn to the left in the space between the two cars. Unable to make an abrupt turn because of the slippery condition of the pavement, he

crashed into the left rear corner of plaintiff's standing car.

Two witnesses testified defendant's car was going between 30 and 35 miles an hour just before and at the time of the accident.

A recovery in this case cannot be had unless it is affirmatively shown that the driver of plaintiff's car was in the exercise of due care for its safety. (*Kepperly v. Ramsden,* 83 Ill. 354.) The facts relative to the care exercised by him are not in dispute and they plainly indicate a disregard of every requirement for his own safety, as well as a disregard for the law itself. Section 145f of the Revised Statutes, Cahill's St. ch. 121, ¶ 161 (2), prohibits any driver of a motor vehicle from stopping it on any durable hard surfaced State highway and from allowing it to stand in such a position that there is not ample room for two vehicles to pass upon the road. It has been held that this inhibition does not apply where the exigencies of the situation compel a car to stop on the pavement. (*Frochter v. Arenholz,* 242 Ill. App. 93; *Sugru v. Highland Park Yellow Cab Co.,* 251 Ill. App. 99.) The exigencies which will excuse a person from leaving a car on the public highway in violation of the statute are those which give no choice to the driver about leaving his car in that position. Instances of such exigencies are an accidental break in machinery, a failure in the mechanism or parts peculiar to the car, a sudden blocking of the highway, etc. In this case no such exigency was present. Plaintiff's driver stopped his car in the lane assigned to other cars going in his direction. He made it necessary for everyone using the highway to go between him and the ditched car. Instead of having his bright lights turned in the direction of the cars which approached him in the same lane, he had nothing but a tail light to protect him or to warn them. Every driver knows that when he is facing the bright lights of an approaching car, it is often difficult

to see the tail light of a car ahead of him. The defendant not only had to contend against such a situation, but also against a fog and the reflection of lights from a wet pavement. Piller's car kept the defendant on the right-hand side of the pavement until it was within 15 feet of plaintiff's car. The undisputed facts disclose that the driver of plaintiff's car put the defendant into a trap from which there was little or no chance to escape. The act of plaintiff's son in stopping his car and leaving it on the road where he did was nothing short of folly and under the admitted facts in this case, we are compelled to hold that the driver of plaintiff's car was guilty of contributory negligence.

The instructions are not numbered in the abstract as required by the rules of this court. For that reason, we are compelled to set out the contents of the instructions. The court instructed the jury that contributory negligence on the part of plaintiff does not bar a recovery by the plaintiff, unless such negligence was the proximate cause of the injury. There is no wilful count in the declaration; therefore contributory negligence is a complete defense in this action. Negligence of the plaintiff cannot be denominated contributory negligence, unless it has a causal connection with the injury complained of and amounts to a breach of duty which the law imposes upon him to protect himself from injury. The negligence for which plaintiff is responsible need not be the sole proximate cause of the injuries complained of in order to bar a recovery. Since the doctrine of comparative negligence was abrogated in this State, the law is that a plaintiff cannot recover if he was guilty of any negligence which contributed toward his injury. It is not necessary that he shall have done nothing to contribute toward it, but it is necessary that what he did should not be a negligent act, which contributed to the injury. (*City of Macon v. Holcomb,* 205 Ill. 643.) The court erred in giving the instruction above referred to.

An instruction was also given which stated that the driving of an automobile on a public highway outside the limits of an incorporated city, town, or village, at a rate of speed in excess of 35 miles an hour is prima facie evidence that the driver was operating his automobile at a rate of speed greater than was reasonable and proper, having regard to the traffic and the use of the way, etc. Notwithstanding there was some testimony tending to show the defendant was driving at a greater rate of speed than 35 miles an hour, still there was also evidence tending to rebut negligence on his part. Since the case of *Johnson v. Pendergast,* 308 Ill. 255, was decided by the Supreme Court, there have been numerous decisions holding that where there is any testimony tending to rebut a charge of negligence, it is error for the court to instruct concerning what constitutes prima facie evidence. It then becomes a question for the jury to decide what is a reasonable and proper speed in the meaning of the statute.

Plaintiff complains of other instructions, but because of our finding that the driver of his car was guilty of contributory negligence, it is unnecessary for us to further discuss them.

There is no evidence in the record tending to prove due care on the part of plaintiff's son or to rebut the undisputed proof of his contributory negligence. We therefore find as an ultimate fact to be incorporated in the judgment that the plaintiff's son was not in the exercise of due care and caution for the safety of plaintiff's car at the time and immediately before the accident and that the driver thereof was guilty of contributory negligence.

The trial court should have directed a verdict for defendant. On account of this error, the cause is reversed without remanding. (*Collins v. Kurth,* 247 Ill. App. 156, affirmed in 322 Ill. 250; *In re Estate of Nelson,* 254 Ill. App. 484.)

*Reversed.*