Katherine Rutowicz, Appellee, v. United Motor Coach Company, Appellant.

Gen. No. 34,384.

Opinion filed April 15, 1931.

WETTEN, PEGLER & DALE, for appellant.

KREMER, BRANAND & HAMER, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from a judgment in the sum of $2,048, entered in the superior court upon the verdict of the jury in favor of the plaintiff, which judgment

was entered by the court after overruling motions for a new trial and in arrest of judgment.

The declaration filed by the plaintiff is based upon an action on the case to recover damages for personal injuries, the first count of which charges the defendant with general negligence in connection with the management and operation of its bus.

The second count is based upon the statutory provision to the effect that no person shall drive a motor vehicle through portions of any incorporated city, town or village at a speed greater than is reasonable and proper, having regard to the traffic and use of the way, etc.

The third count is based upon a section of an ordinance of the City of Chicago contained in Municipal Code of 1922, section 3821, and alleges that the defendant violated the said ordinance by driving its bus on the left side of the highway so that it ran into and struck the automobile in which the plaintiff was riding.

The fourth and fifth counts were withdrawn by counsel for the plaintiff at the close of the plaintiff's case. The fifth count set forth the injuries which the plaintiff claimed she sustained as a result of the accident in question. Such allegation was adopted in the preceding counts.

From the evidence it appears that the accident complained of occurred on July 22, 1928, on Sunday evening about 7:00 o'clock on the road known as the Northwest highway. This road runs from a point where it intersects Milwaukee Avenue in the northwest part of Chicago, in a westerly direction through the villages of Park Ridge, Arlington Heights, Palatine, Barrington, etc. It is the main highway in that direction to the forest preserves of Cook county, and is also one of the main routes to the Wisconsin lakes.

The route of the bus operated by the defendant, was from Milwaukee and Lawrence Avenues to Park Ridge and return, the distance one way being about six miles.

There were six passengers in the bus at the time of the accident, and it proceeded in a westerly direction following the line of traffic, running close to the north or right-hand curb as passengers entered and left the bus at any street intersection along the route that might be most convenient to them. Immediately ahead of the bus at the time was an automobile of the ordinary type, and ahead of the machine was a large truck, carrying a load of young people.

The bus was a large vehicle, weighing approximately 12,000 or 14,000 pounds. It was about 28 feet long and about 8 feet wide. It was equipped with a foot brake and also with an emergency brake, the lever of which was pushed forward when it was necessary to use the emergency. The tires on the bus were heavy pneumatics, 38x7 inches. The speed of the bus was controlled by a governor on the engine so that it could not exceed 30 miles per hour.

It is apparent from an examination of the record that there is a conflict in the evidence as to just how this accident occurred.

The evidence of the plaintiff's witnesses is to the effect that the bus operated by the defendant was turned to the left out of the line of traffic in which it was moving, and collided with the car in which the plaintiff was injured. The traffic was heavy on the day in question, and a line of cars was going in the opposite direction. If the facts were as testified to by the witnesses for the plaintiff they would establish the negligence of the defendant in the operation of the bus.

On the other hand some of the witnesses for the defendant who were passengers on the bus testified that the bus operated by the defendant's servant did not turn to the left at any time to pass other vehicles, and it is pointed out in the brief of the defendant that there were certain physical facts resulting from the collision, such as the damage to the left front wheel

of the bus, and an exploded tire, that could have been caused only by the driver of the car in which the plaintiff was riding turning to the left and into defendant's bus.

It is earnestly insisted by the defendant that the testimony of its witnesses tallied in every respect and was perfectly consistent; that, on the other hand, no two witnesses for the plaintiff told the same story. While this court will analyze the facts and determine whether the manifest weight of the evidence is against the verdict, the jury has certain functions under our theory of jury trials, one of which is to determine the weight of the evidence, and in doing so they must pass upon the credibility of the witnesses, apply to the facts the law as given in the written instructions by the court, and determine from the facts the issues between the parties.

We are unable to find from this record that the evidence of the plaintiff is utterly inconsistent with the physical facts, or that the jury was not warranted in finding the issues for the plaintiff.

It is urged by the defendant that the plaintiff was guilty of contributory negligence from the fact that when the bus was about 75 feet from the car operated by her husband she became ''scared,'' and that in failing to call her husband's attention to the oncoming bus, she was guilty of negligence. It does not appear from the record that her husband did not see the approaching bus; in fact he testified that when the bus was about 75 feet ahead of him it cut over to the left onto the right of way of the automobile operated by him, and that at the time he turned to the right and applied the brakes. The plaintiff under such circumstances could not have aided the driver by an outcry from the back seat, which she occupied at the time. From the facts, the question of contributory negligence is one for the jury, and we are not inclined to disturb the verdict upon that ground.

It is further contended by the defendant that the plaintiff should not be permitted to recover upon the third count of her declaration, which is based upon section 3821 of the Municipal Court Code of 1922 of the City of Chicago, which is as follows:

"Vehicles meeting. In all cases of persons meeting each other in vehicles in any highway or thoroughfare or upon or near any bridge, each person so meeting shall in all cases turn off and go to the right side."

It appears that on the trial the ordinance was read to the jury by counsel for the plaintiff, and that at the time of the accident, which occurred on July 22, 1928, this ordinance was not in force, for the reason that the traffic ordinances of the City of Chicago were revised by the city council in March, 1927, and the ordinance quoted is not in the Revised Traffic Regulations. We are of the opinion that the motion of the defendant to exclude this evidence and that the court direct a verdict of not guilty as to said count of the plaintiff's declaration, should have been allowed.

The question before us is, was the action of the trial court reversible error? The plaintiff under the evidence was entitled to have the cause submitted to the jury under the allegations of the first count of her declaration, which, in short, is a common law count alleging general negligence. The plaintiff's action is based upon the negligence of the defendant, in that its servant turned the bus to the left in the path of the car in which the plaintiff was riding, and caused a collision.

We are all familiar with the rule that the drivers of cars are to remain on the right-hand side of the road, and that in turning out to the left they must operate a moving car so as not to injure or damage a person in an approaching automobile or vehicle rightfully upon the right of the road. The action of the trial court in its ruling upon the admission of this

ordinance is not such error as would justify a reversal.

The Appellate Court in the case of *Davis v. Missouri & Illinois Coal Co.,* 186 Ill. App. 478, applies a rule to the facts in that case that is applicable to the question before us, when it says:

"It is next contended by counsel for appellant that the court erred in not excluding the evidence and in not directing a verdict for the defendant as to the fourth or common law count of the declaration. We are of the opinion that this contention is well founded. Under this count it was as necessary for the plaintiff to prove that he was in the exercise of due care and caution for his own safety as to prove defendant's negligence. It appears from this evidence clearly that the appellee knew of the dangerous condition of this roof when he was engaged at work thereunder, which was clearly contributory negligence, and being so he was not entitled to recover upon this count of the declaration. We are satisfied, however, from an examination of this case, that the appellee was entitled to recover under the statutory counts, and under the rules as repeatedly laid down by, the Supreme and Appellate Courts, that even though there may be a count in the declaration not proved, if there are other counts in the declaration that are proved, the judgment should not be reversed on account of the failure to exclude the evidence under such count, but that judgment may be rendered and sustained under the counts that have been proved."

It appears from the bill of exceptions that the defendant objected to the giving of the plaintiff's offered instruction as follows: "If the jury believe from the evidence that the plaintiff was at and before the time of her injury in the exercise of ordinary care for her own safety and was injured by the negligence of the defendant, the jury should find the defendant guilty"—

and suggested that if the court would modify the instruction to read: "If the jury believe from the evidence that the plaintiff was at and before the time of her injury in the exercise of ordinary care for her own safety and was injured by the negligence of the defendant at the time and in the manner set forth in the plaintiff's declaration, then the jury should find the defendant guilty"—it would withdraw its objection and agree that said instruction was a proper one to be given to the jury; that the court did give said instruction in its modified form, as suggested by the defendant.

There is attached to the bill of exceptions an addition entitled, "An Interlocutory Bill of Exceptions," from which it appears that the defendant objected to the insertion that the defendant agreed to the modification of the plaintiff's instruction in the bill of exceptions, for the reason that the defendant by its counsel did not agree to its modification. By this action the defendant questioned the integrity of the court in signing a bill of exceptions containing the agreement of counsel that the modified instruction was a proper one for the jury. There is not a word in the record to indicate that the agreement made in open court, when the instruction was being considered by the court, was not a fact. The only excuse offered is that the court reporters were not present and that counsel's recollection was contrary to the recollection of the court. We will rely on the bill of exceptions in the record before us, and believing that it sets forth the truth, we will not consider the objection made by the defendant.

It is further contended by the defendant that upon the withdrawal of the fifth count of plaintiff's declaration, which was the only count that alleged injuries to the plaintiff, no proper allegation was set forth in the declaration; that the plaintiff's evidence as to the in-

juries sustained was incompetent and irrelevant, and that such evidence was erroneously in the record.

It does not appear from any statement in the abstract or in the brief of the defendant that a motion to exclude said evidence for want of a proper allegation was made. However, it would seem from the following instruction of the defendant, which was read by the court to the jury, that no such motion was made:

"With respect to the ailments and disabilities claimed by the plaintiff in this case, the law requires plaintiff to prove by the greater weight of the evidence not only that such ailments really exist or have existed, but also that they are the result of the accident in question. You have no right to guess or conjecture merely that any ailment complained of by the plaintiff was the result of the accident in question, but before plaintiff can recover for such, she must prove by the greater weight of the evidence that they do proceed from and are the result of the accident. The burden is not upon the defendant to show that such ailments arise from any other cause, and even if the evidence is evenly balanced between the plaintiff and the defendant on such question, this rule of law still applies and you cannot allow the plaintiff for any such ailments which are not proved by the greater weight of the evidence to be the result of the accident in question."

This action by the defendant in asking that the jury be instructed as it was, amounted to a waiver, and the defendant cannot at this late day ask this court to reverse on the ground contended for by the defendant. *Forsyth v. Vehmeyer,* 176 Ill. 359.

The question of damages suffered is one for the jury, and from the evidence, the verdict of the jury was not the result of passion, bias or prejudice, and is fully supported by the evidence,

In conclusion, there is no error in the record that would warrant a reversal. Accordingly, the judgment is affirmed.

*Affirmed.*

WILSON, P. J., and FRIEND, J., concur.