## Servilla Bradley, Appellant, v. Dean Bakke and The Beacon Building Corporation, Appellees.

### Gen. No. 41,112.

Opinion filed October 1, 1940. Rehearing denied October 15, 1940.

BENJAMIN G. CLANTON, of Chicago, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, of Chicago, for appellees; JESSE H. BROWN, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In this case plaintiff appeals from an order entered July 27, 1939, granting the motion of defendant to strike plaintiff's second amended complaint and dismissing the cause.

The complaint was in two counts, one of which charged slander and the other assault. The question for decision is whether either count stated a cause of

action. If the first or second count stated a good cause of action it was, of course, error to dismiss the suit. We hold the first count stated a cause of action. In substance it charged that plaintiff was a person of good repute and theretofore found employment in homes of quality and respectability in Chicago; that at the time of the utterance of the slanderous words she was employed by Charles and Mae Windsor as a maid in their home at 174–186 E. Delaware place, Chicago; that defendant, Bakke, was the manager and agent of the premises in which her employers lived, which was owned by the Beacon Building Corporation, the other defendant; that Bakke, intending to injure plaintiff, on January 28, 1939, falsely and maliciously spoke of plaintiff these words: "I have been watching this girl [meaning plaintiff] for some time; I have long suspected her [meaning plaintiff] of taking the papers from this floor which were delivered and left at the doors of the other tenants and so I set a trap for her and found that she had Dr. Campbell's marked paper in her pantry. I can't have her on the place. She [meaning planitiff] has been stealing these papers for some time. I can't have her [meaning plaintiff] on the place any longer." The complaint says Bakke meant to signify that plaintiff had feloniously stolen the newspapers belonging to the tenants on the premises. It is also averred that by reason of what he said she was discharged without character reference and was deprived of wages she was then earning, and that she has ever since been out of employment.

Defendants contend the words were not slanderous *per se*, and that it was, therefore, necessary that the pleader should allege special damages. While the brief of plaintiff seems to concede the words spoken were not slanderous *per se*, we hold they were on the authority of *Miller v. Johnson*, 79 Ill. 58, and *Stumer v. Pitchman*, 124 Ill. 250. Moreover, the complaint alleges that as a result of the words spoken plaintiff

was discharged without reference. This amounts to an averment of special damages. The court erred in sustaining the motion to strike and in dismissing the suit. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and McSURELY, J., concur.