Lena Fitzpatrick, Appellee, v. California and Hawaiian Sugar Refining Corporation, Ltd., and Edward C. Gaskill, Appellants.

216

Opinion filed March 1, 1941.

LEAHY, WALTHER & HECKER, of St. Louis, Mo., and WARNOCK, WILLIAMSON & BURROUGHS, of Edwardsville, for appellants.

FRANK E. DOYLE, of St. Louis, Mo., and BEN M. CREAMER, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Plaintiff, who is the appellee, obtained a verdict of a jury in the sum of $7,500, afterwards reduced by remittitur to $5,000, against defendants who are the appellants, in the circuit court of Madison county in an action brought to recover for personal injuries suffered when the automobile in which plaintiff was riding collided with the rear end of the automobile of defendants on highway 66, about 2 miles north of Edwardsville, Illinois.

The defendant, Edward Gaskill, at the time of the collision, was employed by the defendant, California and Hawaiian Sugar Refining Corporation, Ltd. It is admitted that at the time of the accident, the defendant Gaskill was employed by the defendant corporation, and was acting within the scope of his employment. Plaintiff's husband, James L. Fitzpatrick was employed by Seavey and Flarsheim Brokerage Company, brokers for the aforesaid sugar refining company.

On April 15, 1939, Fitzpatrick and his wife, the plaintiff, drove from their home in St. Louis, to Witt, Illinois, where Gaskill and Fitzpatrick showed a motion picture, concerning the manufacture of sugar. After the show, Mr. and Mrs. Fitzpatrick and Gaskill, started home in their respective cars, stopping at Litchfield, on the way. Leaving Litchfield, they drove south on highway 66, Gaskill's car leading. It was raining and the pavement was wet. At one o'clock in the morning, the two automobiles reached a point about 2 miles north of Edwardsville, where the pavement runs north and south. Both plaintiff and her husband testify that Fitzpatrick was here driving about 45 miles an hour, and defendant Gaskill testified that he was driving about 40. Here Gaskill's car was about a hundred feet ahead of the car in which plaintiff was riding.

About 2 miles north of Edwardsville, a county road intersects highway 66 from the west at a right angle. As defendant Gaskill's car approached this intersec-

tion his attention was attracted to a car turned upside down in a ditch on the west side of the paved highway, about 10 feet south of the county road. Gaskill slowed his car down, eventually applying his brakes, and stopped on the pavement. The Fitzpatrick car collided with the back of the defendant's car, in spite of the application of brakes and an attempt to turn to the left on the part of plaintiff's husband. The plaintiff was thrown to the floor of the car and sustained injuries.

It is maintained by defendants that they are not guilty of the negligence charged against them, in that they did not make a stop upon the paved part of the highway, as is within the meaning of or is prohibited by the statute.

Chapter 95½, sec. 185, Ill. Rev. Stat. 1939 (Jones Ill. Stats. Ann. 85.217) provides: "(a) Upon any highway outside of a business, residence or suburban district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 200 feet in each direction upon such highway. . . . (c) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position." Defendants contend that this statute has no application where an emergency or the exigencies of a situation compel a car to stop on the pavement, and cite cases from courts of other States in support of their contention. In all of these cases there existed some emer-

gency, some exigency, beyond the control of the driver. In all of those States, the prohibition was against the "parking or leaving" of the car on the highway, and not the stopping. In the instant case there was no emergency, beyond the control of the driver of the car which stopped on the paved highway. Defendant Gaskill testified that his purpose in making this stop was to see if he could give some assistance to anybody that might have been hurt in the previous accident. It is argued on his behalf that it was not practical to drive off of the paved highway onto the shoulder, but there is no evidence in support of that, Gaskill's testimony in that regard being to the effect that there was enough space between the ditch and the paved portion of the highway for him to pull out there on the dirt. However, the question as to whether it was practical for him to have done so is more or less academic, in the light of his reason for stopping. If the humanitarian urge to aid some one in apparent distress was strong enough in the defendant, he could have taken the chance of injury to himself, or damage to his car, and have driven off on the shoulder regardless of its condition. He chose rather to stop suddenly, when it was dark and raining, without indicating by hand signal or otherwise, his intention so to stop, and by so doing take the chance of injuring anyone driving behind him. This was not the case of it being anyone in general, who might be properly upon that road, for the two cars left Litchfield together and Gaskill knew that the other car was close behind him.

There was no evidence that there was anything mechanically wrong with his car, or that there was any obstruction on the highway. Our courts have held that the only excuse for stopping on the pavement is an emergency or exigency which leaves no other choice. *Hand v. Greathouse*, 294 Ill. App. 383, 13 N. E. (2d) 1010; *Frochter v. Arenholz*, 242 Ill. App. 93; *Sugru v. Highland Park Yellow Cab Co.*, 251 Ill App. 99; *Craw-*

*ford v. Cahalan,* 259 Ill. App. 14; *McLaren v. Byrd, Inc.,* 296 Ill. App. 345, 15 N. E. (2d) 993; *Mayhak v. Edward J. Meyers Co.,* 306 Ill. App. 284, 28 N. E. (2d) 343. (Abst.).

In the case of *Crawford v. Cahalan, supra,* the driver of an automobile stopped on the paved portion of the highway, near a car which had skidded into the ditch, and there the court said: "Sec. 145f of the Revised Statutes, Cahill's St., ch. 121, ¶ 161 (2), prohibits any driver of a motor vehicle from stopping it on any durable hard surfaced State highway and from allowing it to stand in such a position that there is not ample room for two vehicles to pass upon the road. It has been held that this inhibition does not apply where the exigencies of the situation compel a car to stop on the pavement. (*Frochter v. Arenholz,* 242 Ill. App. 93; *Sugru v. Highland Park Yellow Cab Co.,* 251 Ill. App. 99.) The exigencies which will excuse a person from leaving a car on the public highway in violation of the statute are those which give no choice to the driver about leaving his car in that position. Instances of such exigencies are an accidental break in machinery, a failure in the mechanism or parts peculiar to the car, a sudden blocking of the highway, etc. In this case no such exigency was present. Plaintiff's driver stopped his car in the lane assigned to other cars going in his direction."

Complaint is made that the court erred in refusing to give instructions 1, 2 and 3 requested by the defendant which read as follows:

### 1.

"The Court instructs the jury that if you find and believe from the evidence that at the time of the collision in question the defendant, Gaskill, had stopped his automobile upon the paved part of the highway, still, if the jury further find and believe from the evidence that defendant, Gaskill, did so, preparatory to

driving his automobile to the shoulder of the highway
and that from all the facts, surroundings and condi-
tions as shown by the evidence it was not practical
for the said Gaskill to drive upon the shoulder of the
highway without first stopping his automobile upon
the pavement, if you so find he did, then the defendant,
Gaskill, was not negligent in stopping his automobile
at said time on said paved part of the highway.''

### 2.

''The Court further instructs the jury that even
though you may believe from the evidence that at the
time of the collision in question, the defendant Gaskill
had stopped his automobile upon the paved part of the
highway, still, if the jury further believe from all the
facts, conditions and surroundings as shown by the
evidence it was not practical for the said Gaskill at
said time to have stopped his automobile off such part
of the highway, then the defendant was not negligent
in stopping his automobile at said time on said paved
part of the highway.''

### 3.

''The Court instructs the jury that if you believe
from the evidence that both before and at the time of
the occurrences complained of in this case the defend-
ant Gaskill, having regard to the traffic and the use of
the highway in the nighttime, as shown by the evi-
dence, operated and managed his automobile along and
upon the highway and at and about the place of the
collision in a way and in a manner that a reasonably
prudent person would have operated and managed
said automobile at such time and place, under all the
facts, conditions and surroundings as shown by the
evidence; and if you further believe from all the facts,
conditions and surroundings as shown by the evidence,
that before the time of the collision it was not practical
for the defendant Gaskill to have driven his automobile

off the paved part of the highway, then you should find the defendants not guilty, regardless of any other question in the case.'' These instructions were properly refused by the court, because they were all predicated upon the proposition that defendant would be held not to be negligent in stopping on the paved highway, if it was not practical for him to drive off of said highway, and there was no evidence in support of that theory. These instructions fail to take into consideration whether defendants had any right whatever to stop on the pavement, and are based upon the premise that they had an absolute right to stop, which is contrary to the fact.

It is next contended by defendants that the plaintiff was guilty of such contributory negligence as to bar her right to recovery. She was not the driver of the car that collided with defendant's car. The negligence of the driver of an automobile will not be imputed to plaintiff if she was not in any way the cause of such negligence and omitted no ordinary care for her own safety and this is true even though the driver of the car is her husband. *Thompson v. Atchison, T. & S. F. Ry. Co.*, 258 Ill. App. 123. Without going into detail, with reference to this proposition, it appears to the court from the evidence that there was nothing that she could have done to have prevented the collision. Whether or not she was guilty of contributory negligence was a question of fact for the jury. *Lauer v. Elgin, J. & E. Ry Co.*, 303 Ill. App. 200, 27 N. E. (2d) 315; *Thompson v. Riemer*, 283 Ill. App. 371; *Carroll v. Krause*, 295 Ill. App. 552, 15 N. E. (2d) 323; *Pagenkamp v. Devillez*, 80 F. (2d) 485; *Thomas v. Buchanan*, 357 Ill. 270, 192 N. E. 215; *Layton v. Ogonoski* (Fourth District), 256 Ill. App. 461; *St. Clair Nat. Bank of Belleville v. Monaghan* (Fourth District), 256 Ill. App. 471; *Rutowicz v. United Motor Coach Co.*, 261 Ill. App. 377; *Wever v. Staggs*, 264 Ill. App. 556; *Starr v. Rossin*, 302 Ill. App. 325, 23 N. E. (2d) 740; *Habenstreit v.*

*City of Belleville,* 302 Ill. App. 383, 23 N. E. (2d) 808; *Thompson v. Atchison, T. & S. F. Ry. Co.,* 258 Ill. App. 123. By their verdict the jury found that she was not guilty of such negligence, as contributed to her injury.

It is claimed by defendants that the damages awarded plaintiff are excessive. She sustained injuries to her back, her ankle, and her knee, from which she was still suffering at the time of the trial. She still suffers from female disorders and abnormal bleeding caused by the shock of the collision. She was confined to her bed for 5 weeks and was on crutches for 3 months. It was necessary for her to employ someone to do her housework for her during her disability. Unless the verdict is of such magnitude as to show passion and prejudice on the part of the jury the Appellate Court has no right to disturb it, as the amount to be fixed is largely in the discretion of the jury. *Grannon v. Donk Bros. Coal & Coke Co.,* 173 Ill. App. 395, aff'd 259 Ill. 350, 102 N. E. 769. The fact that there was a remittitur of $2,500 did not establish the fact that the verdict was the result of passion and prejudice. The practice of filing a remittitur is well established in this State and such a remittitur is not to be taken as a concession that the jury was actuated by passion or prejudice. *Stumer v. Pitchman,* 22 Ill. App. 399, aff'd 124 Ill. 250, 15 N. E. 757. We do not believe that the amount of the judgment is excessive. There being no reversible error in the record, the judgment will be affirmed.

*Affirmed.*