Lawrence Becherer et al., Appellees, v. Belleville–St. Louis Coach Company, Appellant.

38

Heard in this court at the February term, 1944. Opinion filed February 28, 1944.

FARMER, KLINGEL & BALTZ, of Belleville, for appellant.

JOHNSON & JOHNSON, of Belleville, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

Lawrence Becherer, Floyd Grommet, and John Dahm, appellees (hereinafter designated as plaintiffs) filed suit in the county court of St. Clair county, each seeking damages from Belleville-St. Louis Coach Company, appellant (hereinafter designated as defendant), for its alleged negligence in causing an accident, or series of accidents, resulting in damage to each of the automobiles of the plaintiffs.

The pleadings consist of a complaint and answer. There are four charges of negligence alleged by each of the plaintiffs. These are:

(a)    That the defendant negligently stopped, parked, or left standing its bus upon the paved highway, when it was practical to stop, park or leave its bus off of the paved highway, in violation of provisions of chapter 95½, section 185A;

(b)    That no flares, lanterns or other signals were lighted or placed upon the highway in accordance with the provisions of chapter 95½, section 218;

(c)    That it negligently permitted the supply of gasoline in the tank on said bus to become exhausted, thereby negligently causing the bus to stop and become stalled on the highway;

(d)    That it failed to inspect or check the supply of gasoline in the tank of the bus at a point where such inspection or check could have been made with reasonable safety.

These charges of negligence are denied by the answer.

It appears from the record that the automobiles of plaintiffs were damaged on November 23, 1941, at about 12:45 a. m. in collisions that occurred on State Bond Issue Route No. 159, a paved public highway in St. Clair county, at a point approximately five miles south of Belleville. Running out of gasoline, the bus operated by defendant, had stopped facing north, in the east traffic lane, completely on the highway. This was about 100 feet north of the crest of a hill. It had been snowing most of the day and the wet snow had created a slushy condition on the highway. The defendant company, had been furnishing bus service to a dance and the bus in question had left the dance hall some time after midnight for the last trip back to Belleville. After the driver of the bus had proceeded a little more than a mile northwardly on the journey, his engine sputtered, indicating to him that the regular

gas tank was empty. He coasted to a stop, raised the hood, flipped over a small lever which connected the auxiliary tank, got back in the bus and drove on. The testimony of the driver of the bus, and of two passengers therein, who testified on behalf of defendant, is to the effect that the bus was stopped at this time from 10 or 15 to 30 seconds. The testimony of plaintiff's witnesses is to the effect that it was stopped from two to six or eight minutes on the highway.

It seems that there were five automobiles behind the bus. Numbering them from the north, southwardly, the first car was occupied by a man from Chicago or Waterloo, car number two was that of plaintiff Becherer, car number three was occupied by two soldiers, car number four was that of plaintiff Grommet and car number five was that of plaintiff Dahm. Becherer testified that when he came within 40 or 50 feet of car number one and the bus, he noticed them and came to a stop. It appears that Dahm smashed into the rear of Grommet's car, which was skidding sideways on the icy road. The impact of Dahm's car into the Grommet car caused Grommet's car to run into the rear of Becherer's car, which in turn bumped into car number one. This latter car did not bump the bus, and it appears that the driver was unaware of the series of collisions, until someone caught up with him where he had stopped farther down the road and so advised him.

Upon a trial before a jury, verdict was rendered in favor of Becherer in the sum of $30.88; in favor of Dahm in the sum of $28.21 and in favor of Grommet in the sum of $75.80. It is urged as error that the trial court erred in failing to grant a peremptory instruction at the close of plaintiff's case, again at the close of all the testimony, and in failing to grant a new trial.

It is contended on behalf of defendant that the evidence does not show that defendant was negligent, and that it discloses a lack of due care and caution upon the part of plaintiffs. It is argued that the shoulder

of the paved highway was too narrow and too soft to permit the driver of the bus to drive off of the highway and thus avoid stopping there.

Chapter 95½, sec. 185, Ill. Rev. Stat. 1943 (Jones Ill. Stats. Ann. 85.217), provides, ''(a) Upon any highway outside of a business, residence or suburban district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main travelled part of the highway, when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 200 feet in each direction upon such highway. . . . (c) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main travelled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.''

In the case of *Fitzpatrick v. C. & H. Sugar Ref. Corp., Ltd.*, 309 Ill. App. 215, which was a case where an automobile had been stopped upon the paved highway, at night, so that an automobile following collided therewith, this court held that the only excuse for stopping a vehicle on the pavement was an emergency or exigency which left no other choice, citing with approval in that opinion, *Hand v. Greathouse*, 294 Ill. App. 383, 13 N. E. (2d) 1010; *Frochter v. Arenholz*, 242 Ill. App. 93; *Sugru v. Highland Park Yellow Cab Co.*, 251 Ill. App. 99; *Crawford v. Cahalan*, 259 Ill. App. 14; *McLaren v. F. Byrd, Inc.*, 296 Ill. App. 345, 15 N. E. (2d) 993.

In the instant case, while the driver of the bus on behalf of defendant testified that the shoulder of the road was too narrow and too soft to permit him to drive

the bus off the highway, according to at least one of plaintiffs' witnesses, the shoulders were frozen, and Grommet testified that the shoulder was 8 to 10 feet wide, which was wide enough for the bus, 7 feet, 6 inches wide, to have been driven upon. The driver further testified that after he discovered that he was about out of gas, he rolled 40 or 50 feet. Whether he could have driven upon the shoulder, and thus avoided stopping upon the paved highway, was a disputed question of fact for the determination of the jury, in passing upon the question of the proximate cause of the collision. *Waschow v. Kelly Coal Co.*, 245 Ill. 516; *Illinois Cent. R. Co. v. Siler*, 229 Ill. 390; *Pullman Palace Car Co. v. Laack*, 143 Ill. 242; *Martin v. Village of Patoka*, 305 Ill. App. 51. The question of plaintiffs' contributory negligence was also for the jury. *Fitzpatrick v. C. & H. Sugar Ref. Corp., Ltd., supra.*

The jury saw and heard the witnesses. In passing upon the question of the alleged negligence of defendant and the alleged contributory negligence of plaintiffs, they had a right to and did, no doubt, take into consideration the testimony as to the softness or otherwise of the shoulder of the road; its width; the evidence as to whether or not there was a sufficient hill there near the scene of the collision to have affected visibility, and as a background of the whole, the weather conditions at that time. It is not the province of the court to substitute its judgment for that of the triers of fact, where there is a conflict in the testimony. *Martin v. Village of Patoka*, 305 Ill. App. 51. The verdict so reached by the jury will not be disturbed, unless it is against the manifest weight of the evidence. *Rembke v. Bieser*, 289 Ill. App. 136; *Leahy v. Morris*, 289 Ill. App. 99. On this record, we are not inclined so to hold, and the judgment of the trial court will be affirmed.

*Affirmed.*